# Lovell *v.* DeBardelaben Coal & Iron Company.

*Action by Father for Damages, on account of ' Personal Injuries causing Death of Minor Son.*

| | |
|---|---|
| 90 | 13 |
| 91 | 637 |
| 90 | 13 |
| 100 | 456 |
| 90 | 13 |
| 113 | 519 |
| 90 | 13 |
| 124 | 352 |
| 124 | 353 |
| 124 | 549 |
| 90 | 13 |
| 129 | 346 |
| 90 | 13 |
| 143 | 635 |

1. *Presumption against pleader.*—Construing the pleadings most. strongly against the pleader, the court presumes in this case, where the plaintiff sues for damages on account of injuries causing the death of his minor son while in the defendant's employment, that the employment was with his consent, the contrary not being averred, and that the minor was over fourteen years of age.

2. *Presumption as to discretion of infant.*—After an infant has attained the age of fourteen years, the presumption is indulged, that he is capable of exercising judgment and discretion; but before that age the contrary presumption prevails.

3. *Action by father for damages, on account of injuries causing death of minor son.*—At common law, if the father consented to the employment of his minor son in a dangerous service, and the son had arrived at the age of fourteen years, each of them assumed the risks incident to the service, and neither could maintain an action for damages against the employer, on account of personal injuries to the minor resulting from the negligence of another person employed in the same service; and there is nothing in the statutory provisions giving and regulating actions for damages on account of wrongful acts causing death or personal injuries (Code, §§ 2588–93), which gives the father, in such case, a right of action against the employer for personal injuries causing the death of the son while in the service.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought .by James A. Lovell against the appellee, a corporation doing business at and near Bessemer, and running freight cars drawn by steam-engines, to recover damages for the death of plaintiff's minor son, alleged to have been caused by the negligence of the defendant's servants in charge of one of its trains, while he was engaged in coupling·

cars in the discharge of his duties as switchman and brake-man. The accident occurred on the 21st June, 1888, and the action was brought on the 6th May, 1889. The complaint contained four counts, the first of which averred that the de-fendant "employed one Frank Lovell, a minor, and the son of the plaintiff, as switchman and brakeman in and about its cars and locomotives, and it was his duty as such to be on and about defendant's locomotives and cars, to couple the same, and otherwise assist in making up trains under the direction of defendant's agents and servants;" and each of the other counts contained similar averments. *The first count* alleged that the injuries "were caused by reason of the defects in the condition of the defendant's works, machinery and plant, connected with or used in defendant's said business, in this, that the brakes of the locomotive, tender and cars composing said train, were defective and insufficient, and that defendant failed to provide and have on said train a sufficient number of brakemen and servants to manage and control said train with safety;" *the second*, that said injuries "were caused by reason of the negligence of the persons in charge of defendant's said train, who had a superintendence intrusted to them, while in the exercise of such superintendence, in that they failed to check and stop the motion of said train when said Frank Lovell was making or had made the coupling, and failed and neglected to have on said train a sufficient force of brakemen and servants," &c.; *the third*, that they "were caused by reason of the negligence of the defendant's agents and servants in charge of said train, in that said train was brought up to be coupled at too great speed, and that the motion of said train was not sufficiently checked and stopped while the coupling was being made, or after it had been made by said Frank Lovell;" and *the fourth*, that they "were caused by the negli gence of the persons in defendant's service in charge of said train, to whose orders and directions said Frank Lovell at the time was bound to conform, and did conform; and that said injuries resulted from his having so conformed."

The court sustained a demurrer to the entire complaint, and to each count thereof, on the ground that it showed no right of action in favor of plaintiff, but only a right of action in favor of the personal representative of the deceased minor. The judgment on the demurrer is now assigned as error.

CHISOLM & WHALEY, for appellant, cited *Benziger v. Miller*, 50 Ala. 207; *Stewart v. Railroad Co.*, 83 Ala. 493; *King v. Henkle*, 80 Ala. 505; *Railway Co. v. Propst*, 83 Ala. 524; *Railroad Co. v. Byerle*, 28 A. & E. R. R. Cases, 306; *Penn.*

[Lovell v. DeBardelaben Coal and Iron Co.]

*R. R. Co. v. Long*, 15 *Ib.* 348; *Hamilton v. Railway Co.*, 4 *Ib.* 532; *Pratt Co. v. Brawley*, 83 Ala. 375; *Philpot v. Bingham*, 55 Ala. 435; *Flexner v. Dickinson*, 72 Ala. 318; Co. Litt. 88; *Parkhurst v. Johnson*, 15 N. W. Rep. 107; *McGinnis v. Bridge Co.*, 13 N. W. Rep. 819; *O'Connor v. Adams*, 120 Mass. 427; 7 Cowen, 471; 4 Binn. 487; 15 N. Y. 435; 14 N. Y. 310; *Railway Co. v. Bradford*, 86 Ala. 574; *Pittsburg v. Vining*, 92 Amer. Dec. 269; *Mayhew v. Burns*, 2 N. E. Rep. 793.

WEATHERLY & PERCY, *contra*, cited *Pratt Co. v. Brawley*, 83 Ala. 371; *Donovan v. Railroad Co.*, 84 Ala. 141; 8 A. E. R. R. Cases, 133; Shear. & Redf. Negligence, § 218; *Smith v. Railroad Co.*, 59 Ala. 245; 67 Ala. 206; *Cook v. Parham*, 24 Ala. 21; *Walker v. Bolling*, 22 Ala. 294.

McCLELLAN, J.—If the employment of the plaintiff's minor son by the defendant was against the will of the former, his rights would thereby be made to appear in a more favorable light. The complaint alleges the employment, and is silent as to whether it was with or without the father's consent. In this absence of averment, a familiar rule of pleading requires us, construing the complaint most strongly against the plaintiff, to hold that the contract of service was entered into by the son with the consent of the father. Moreover, the averment is that the defendant employed the minor. This, without more, implies a legal employment, involving the parent's consent. Similarly the complaint is silent as to the age of the son, further than that he was a minor. Hence it does not appear but that he was over the age of fourteen years, from and after which period the *prima facie* presumption that he was capable of the exercise of judgment and discretion is indulged. Had he been under that age, the opposite presumption would be indulged, and might have had an important bearing, favorable to the plaintiff, on the claim for damages he now asserts. *Pratt Coal & Iron Co. v. Brawley*, 83 Ala. 371. The proper observance of the rule adverted to above, imposes on us the duty of reading the complaint as if it had averred the minor to be over the age of fourteen, as, had the fact been otherwise, we must assume it would have been so laid.—*City Council v. Hughes*, 65 Ala. 201.

The case presented, therefore, by the complaint involves a contract, to which the father assented, made by the defendant with a minor "of sufficient discretion to comprehend and guard against the dangers of the employment, when fully explained to him." The authorities are uniform at common law to the

proposition, that by such a contract both the son and the father assume all the risks incident to the service, and that neither can recover against the employer for any injury resulting to the employè from the negligence of a co-employè in and about the common service.—*Hamilton v. G. H. & S. A. Railway Co.*, 54 Tex. 556; s. c., 4 Amer. & Eng. R. R. Cas. 528, 532; *T. & P. Railway Co. v. Carlton*, 15 Amer. & Eng. R. R. Cas. 350, n. 355; *Pennsylvania Co. v. Long, Ib.* 345; *Greenwald v. M. H. & O. R. R. Co.*,8 Amer. & Eng. R. R. 133; *F. W. C. & L. Railway Co. v. Byerle*, 28 Amer. & Eng. R. R. Cas. 306; Shear. & Red. on Neg. § 218.

Thus the question stands and is settled at the common law. Has the doctrine been modified by statutes in this State? Appellant insists that it has. Section 2588 of the Code is relied on, of its own force, and also in connection with what is known as the "Employès' Act," now constituting sections 2590 to 2593 of the Code, as authorizing a recovery by the father for injuries resulting in the death of his minor son, occasioned by the negligence of fellow-servants in an employment such as the complaint discloses. It is unnecessary, we think, to go into an exhaustive history of this legislation, to arrive at a just interpretation of it. A brief resume will suffice. At common law, and under our statutes prior to the passage of the act of January 29, 1885, the father, in no case, had a right of action for the killing of his child—a former attempt by the legislature to give him the right having aborted by reason of the unconstitutionality of the act passed to that end. Just prior to that attempt, the act "to prevent homicides" had been enacted, giving to the personal representative of any person, whose death was caused by the wrongful act or omission of another, a right of action for the recovery of damages in all cases in which the deceased, had the injury fallen short of death, could have recovered. This act—now § 2589 of the Code—applied as well to infants as adults. But it did not, and does not, create any right of action in the father or mother. Conceiving, doubtless, that the parents of minors were entitled to their services absolutely during minority, and hence had a more direct and tangible interest in their lives than that to be subserved by a distribution of their estates, the General Assembly attempted in 1872, and again with success in 1885, *to allow* the parents or personal representative to sue for a wrongful act causing the death of a minor.—Acts 1884-5, p. 99; Code, § 2588. The sole purpose and effect of this statute was to extend the right of action already lodged in the personal representative to the father, and, in certain contingencies, to the mother. Its reference to the personal representative was

VOL. XC.

[Lovell v. DeBardelaben Coal and Iron Co.]

necessary, on the one hand, to give the parents priority of right over him, and, on the other, to exclude a construction which might have defeated the representative's right to sue under section 2589 of the Code, in a case where the parents had died after right of action accrued, and before suit brought. And while there is no express limitation in this statute, to cases in which recovery might have been had by the party injured, had not death ensued, we can conceive of no possible reason upon which to base a construction other than this. Why should the infant dead be allowed to recover when the infant living could not? If punishment was the object of the enactment, should it be confined to fatal results, while acts equally reprehensible in themselves, but not so disastrous in consequences, should go unwhipped of justice? If, as counsel suggest, this absolute liability was inflicted for the wrongful employment of infants in hazardous callings, why visit it upon persons who have not been guilty of this offense, but have caused the death of minors with whom they have no contractual relations? We can not concur in the construction which would make this statute entirely *sui generis* in legislation, and take away defenses which are coeval with the right of action it extends to the parents of minor children.—Pierce on Railroads, p. 39. But, were we of a different mind, we would still feel constrained to follow the former rulings of this court, which, in effect, measure the father's right of recovery under this section of the Code by a consideration of what the child's right would have been had he survived, at least to the extent of confining the former to cases in which the latter might have recovered, though not extending it to all such cases.—*Pratt Coal & Iron Co. v. Brawley*, 83 Ala. 371; *Donovan v. L. & N. R. R. Co.*, 84 Ala. 141.

So much for section 2588 of the Code. Under it, neither the minor living, nor, death having ensued from the injury complained of, his father, can recover for an injury occasioned by his co-employè, in a service for which he has contracted with the father's consent. Does the "Employès' Act," Code, §§ 2590-2593, authorize the father to sue under such circumstances? The question must be determined on the terms of that act itself, and without reference to section 2588 of the Code, or any other statute. It relates to a class of cases in which before no cause of action existed—to a class of injuries the damages for which, at common law, and under our statutes, had been bartered away before they accrued. The statute was one of enlargement purely. No existing right was curtailed, limited, or taken away. The only limitations in the act were upon causes of action created by the act, and having

no existence outside of it.   Giving its limitations the fullest interpretation, the broadest significance, they do not trench upon any right a father, who has consented to his minor son's entering an employment in which he is injured by a co-employè, has to sue the employer for such injury, since he never had that right.   In creating this new cause of action, it was, therefore, not only entirely competent for the legislature to confine it, in cases where the injury produced death, to the personal representative; but, in doing so, no existing right to sue was taken away from the parents.   If the minor's employment was against the will of the father, he could maintain the action before the "Employès' Act," and afterwards, though not under it.   If, with his consent, as in this case, he could sue neither before or after, nor under or without the statute, if we are to give any force whatever to *section 2591*, which designates the only person who may sue under the act, where the injury results in death, and particularly and peremptorily makes provision for the disposition of the recovery, which can only be carried out by the personal representative.   Why the law-makers engrafted this limitation on the prosecution of the cause of action created by the act, is not for us to inquire; it is wholly immaterial.   It provides for all servants and employès—infants as well as adults.   Had either class been omitted, that class would have been without remedy for the negligence of co-servants.   Neither class was omitted, either in giving the remedy, or in requiring suit, in case of death, to be brought by the personal representative.   To avoid judicial legislation, we must and do hold, that the father, under the averments of this complaint, has no standing in court to recover damages for the death of his minor son, resulting from the negligence of fellow-servants.—*Stewart v. L. & N. R. R. Co.*, 83 Ala. 493.

A critical examination of the complaint demonstrates, that each of its four counts is framed under the "Employès' Act," and seeks to recover for the negligence of fellow-servants of plaintiff's minor son.   The first count, in its averment with respect to the failure of the defendant to provide a sufficient number of brakemen, &c., appears at a casual view to charge negligence on the part of the defendant; but a closer reading develops the absence of any averments that the injury was caused by this failure to provide the requisite number of brakemen.

The demurrers, which were based on the theory that the suit could only be prosecuted by the personal representative, were properly sustained, and the judgment of the City Court is affirmed.