## Hull v. Wimberly & Thomas Hdw. Co., et al.

### Damage for Death of Servant.

(Decided May 30th, 1912. Rehearing denied June 29, 1912.
59 South. 568.)

1. *Death; Right of Action; Injury to Servant.*—Under section 3912, Code 1907, no one save the administrator can maintain an action for the death of a servant resulting from injuries received while engaged in his employment.

2. *Same; Successive Actions.*—Construing sections 2485, 2486, and 3912, Code 1907, it is held that as the purpose of section 2485 was merely to extend the right already lodged in the personal representative, to the parents, a parent who had recovered under that section cannot recover as the personal representative under the Employer's Liability Act although the damages under section 2485 are punitive, and those under the Employers' Liability Act compensatory.

3. *Appeal and Error; Review; Demurrer.*—Where the assignment of error is as to the overruling of plaintiff's demurrer to defendant's plea, and the plea was good as to some of the counts of the complaint, the assignment is not sustained.

(Dowdell, C. J., and McClellan, J., dissent.)

APPEAL from Birmingham City Court.
Heard before Hon. H. A. SHARPE.

Action by William J. Hull as administrator of the estate of Charlie Hull, deceased, against the Wimberly & Thomas Hardware Company, and others, for damages for the death of his intestate. From a judgment for defendant plaintiff appeals. Affirmed.

ALLEN & BELL, for appellant. The point at issue is whether or not a recovery by a father under section

2485, Code 1907, for the death of his child is a bar to a recovery by him as administrator under section 3912, Code 1907. The damages recoverable under the Homicide Act are punitive.—*S. & N. R. R. Co. v. Sherer,* 58 Ala. 672; *S. & N. v. Sullivan;* 59 Ala. 272; *Freeman's Case,* 97 Ala. 289; *Sander's Case,* 98 Ala. 293; *A. G. S. v. Burgess,* 116 Ala. 509. The damages recoverable under the Employer's Liability Act are compensatory. —*Thompson's Case,* 91 Ala. 496; *C. F. Co. v. Bennett,* 144 Ala. 184. The proposition is clear that the damages recoverable under the common law action by a party for injuries to a minor child not resulting in death were compensatory only, and that section 2485, applies only in case death results when the damages become punitive.—*Bubee v. B. R. L. & P. Co.,* 140 Ala. 276; *Reeves v. Anniston Knitting Mills,* 154 Ala. 565; *B. R. L. & P. Co. v. Chastain,* 158 Ala. 428; *B. R. L. & P. Co. v. Baker,* 161 Ala. 135. The sole purpose of section 3912 is to compensate the deceased employee's heirs at law, and if such an action is barred by the suit of a parent under section 2485, then the damages recoverable are for his sole benefit and he may receive and receipt for them in defiance of his administrator.—*Ward v. White,* 157 Ala. 340. Under section 3912, no one but the administrator can sue, and it appears well settled that the fact that deceased was a minor is immaterial so far as the rights of the administrator to sue under this section of the Code.—*Stewart v. L. & N.,* 83 Ala. 493; *C. & W. Ry. Co. v. Bradford,* 86 Ala. 574; *Lovell v. DeBardelaben,* 90 Ala. 13; *Williams v. S. & N. R. R. Co.,* 91 Ala. 635; *L. & N. v. Trammell,* 93 Ala. 350; *T. C. & I. v. Herndon,* 100 Ala. 451; *Ala. Mid. v. Bailey,* 112 Ala. 216; *Ex parte L. & N.,* 124 Ala. 547. The situation here is strongly similar to that presented in the case of *T. C. I. & R. R. Co. v. Herndon, supra.*

The plea is not good as a plea of former recovery or accord and satisfaction.—*Gilreath v. Jones,* 66 Ala. 129; 9 Enc. P. & P. 626.

CABANISS & BOWIE, for appellee. Where a section is embodied in two Codes without a change giving the parent or personal representative the right to sue for the death of a minor, it is a legislative adoption of the construction placed thereon.—*Richmond & D. R. R. Co. v. Freeman,* 97 Ala. 296. This authority is directly applicable to the question here under consideration. Under the statute as found in the Code only one action can be maintained for the death of an employee who is a minor.—Sction 2485, Code 1907; *Lovell v. DeBardelaben C. & I. Co.,* 90 Ala. 13; *Williams v. S. & N. Ala. R. R. Co.,* 91 Ala. 635; *A. G. S. v. Robinson,* 141 Ala. 325; *A. G. S. v. Burgess,* 116 Ala. 509; *So. Ry. v. Shipp,* 53 South. 150.

SIMPSON, J.—This action is brought by the appellant, as administrator of the estate of Charlie Hull, deceased, for the death of said Charlie Hull, under the Employer's Liability Act (Code 1907, §§ 3910-3913), with counts also on the common-law liability. The defendants filed a plea alleging that William J. Hull, the plaintiff in this case, who is also the father of the deceased, Charlie Hull, who at the time of his death was a member of the family of said William J. Hull, had previously brought suit against the defendant in this case for damages for the death of his said minor son, in which he recovered a judgment, which has been fully paid. The complaint in the former case, and the amendment thereto, are attached as exhibits to said plea, the first count being for employing the plaintiff's said son in a hazardous business, without his consent;

[Hull v. Wimberly & Thomas Hdw. Co., et al.]

the second, for that his said son, having been employed without the consent of the father, was placed in a dangerous and hazardous place to work, to wit, at or near an unguarded elevator shaft, and, though inexperienced, was not warned of the danger, so that he fell therein and was killed. Each of these counts claimed for lost services. The third count alleged that plaintiff's minor son was in the service or employment of the defendant, and that the injury resulted from the failure of the defendant to provide a safe place for him to work. The fourth count also alleged that said minor son was an employee and that his death resulted from the failure of said defendant to properly guard the elevator shaft. The fifth count alleged the negligence to be in the defendant company's agents', servants', or employees' willfully, wantonly, or intentionally allowing said elevator shaft to be unprotected, with knowledge that said minor would probably be killed or seriously injured. The sixth count alleged that the death occurred by reason of the negligence of a person in the service or employment of the defendant, who had superintendence intrusted to him, etc. The court overruled a demurrer to said plea, which forms the basis for the only assignment of error; the plaintiff having taken a nonsuit with bill of exceptions, and appealed.

Section 2485 of our present Code gives the right of action for the death of a minor, caused by wrongful act, to the father or mother, or, if they fail to act within six months, "the personal representative of such minor may sue, and in any case shall recover such damages as the jury may assess; but suit by any one of them * * * shall be a bar to another action either under this section or under the succeeding section."

The next succeeding section (2486), which gives the right to the personal representative to sue for wrong-

ful death, in all cases where "the testator or intestate could have maintained an action  *  *  *  if it had not caused death."

Section 3912, in the chapter in our Code on "Employer and Employee," provides that, if the injury to a servant or employee results in death, his personal representative is entitled to maintain the action, and provides that the damages recovered shall be distributed according to the statute of distributions.

This court has held that the effect of the Employer's Liability Act is to designate the only person who can sue for the death of an employee, to wit, the administrator.—*Lovell v. DeBardelaben C. & I. Co.,* 90 Ala. 13, 18, 7 South. 756.

The appellant argues that, as the administrator is the only person who can sue under the Employer's Law, and the parent cannot, a suit by the parent cannot be res judicata as to a subsequent suit by the administrator.

The history of section 2485 may furnish some light on the proper interpretation of it. In 1885 a general act was passed providing that, when personal injury or death of a minor was caused by wrongful act, the father or mother, or in case of their death the legal representative, could maintain the action, "provided, that but one suit shall be maintained for the said injuries or death." Acts 1884-85, p. 99. At that time the parent's common-law right of action for injury, and the Homicide Act, were in existence, and the Employer's Liability Act was before the Legislature, and passed a short time thereafter. The writer is free to confess that, if it were a new question, he would be disposed to hold that that was a general act, applying to all cases of death by wrongful act; but the law is otherwise, as above stated, to the effect that it did not confer the

right on the parent to sue under the Employer's Act. Nevertheless, the proviso is clear to the effect that while an administrator might, before the passage of the act, sue under the Homicide Act and under the Employer's Act, yet the Legislature now confers the right of action on the parent first, next on the administrator, "provided that *but one suit*" (of any kind) "shall be maintained for the said injuries or death."

This act was substantially carried into section 2588 of the Code of 1886, and section 26 of the Code of 1896, stating, in the place of the words of the proviso, that "a suit by the father or mother, in such case, is a bar to a suit by the personal representative." Then comes our present section 2485 of the Code of 1907, fixing the conditions under which the personal representative may sue, to wit, after the parents have failed for six months to sue, and providing that a suit by either shall bar the other "either under this section or under the succeeding section.

As stated by this court: "The sole purpose and effect of this statute was to extend the right already lodged in the personal representative, to the father, and in certain contingencies to the mother" (*Lovell v. DeBardelaben C. & I. Co.,* 90 Ala. 16, 7 South. 757) ; and we may add that the provisos, in various forms, were evidently to make it clear that in thus conferring the right on the parent it should not create a multiplicity of suits on the same cause of action, but the policy was and is that, as the parent is supposed to be the one having the greatest interest, to let the parent have the direction and control of the entire matter. If the parent prefers to bring an action for his own benefit, let him do so; if not, let him turn it over to the administrator, and said administrator may then bring any form of action that may seem best to him. The last clause of the

statute as it now stands was evidently added out of abundant precaution; inasmuch as the Homicide Act is (under our decisions) sui generis, it might be thought that the general rule of the preceding statute did not apply to it.

The appellant suggests that our decision in *Williams v. S. & N. Ala. R. R. Co.*, 91 Ala. 635, 9 South. 77, that the damages in suits under section 2485, Code of 1907, are compensatory only, is erroneous; that the damages should be the same as under the succeeding (Homicide) statute.

It is true that this court has recently held that the expression in the *Williams Case* is a dictum, and not binding; also that, in suits under said section 2485, the damages are punitive and not compensatory.—*L. & N. R. R. Co. v. Bogue,* 177 Ala. 349, 58 South. 392. The writer, on careful examination does not agree with the conclusion in that case, because he does not see how the remark in the *Williams Case* can be said to be dictum, when the whole case was before the court, and the remark in question was a part of the instruction of the court to the court below for the trial of the case on reversal; and because, also, after the *Williams Case* had been quoted with approval in several other cases, the statute has been readopted with the construction on it; and also because, as shown by the history of this section, it did not originate in the Homicide Act at all, but was merely originally, and still is in the Code merely, a general act on the subject of parties to actions, and must necessarily apply to all actions for wrongful death. If this construction be given to this act, then it would necessarily follow that, when the parent sues under section 2485, the damages recoverable are punitive, and not compensatory (which has never been

held), as the parent is given the same right of action as the administrator.

In the opinion of this writer the mistake was in the first decision under the Homicide Act, for it is evident that the only meaning of the expression, that such damages should be recovered "as the jury may assess," was that the former statute, which limited the recovery to $3,000, was repealed, and the jury should assess to any amount recoverable under the general principles of the law. As said by McClellan, J., in the case of *Richmond & Danville Railroad Company v. Freeman,* 97 Ala. 296, 11 South. 802, "a too farreaching influence was accorded to the title of the act." The fact that a wrong conclusion was arrived at under the Homicide Act does not justify this court in wrongly deciding as to the effect of this statute, after the court had so long acquiesced in the proper construction.

But accepting the recent decision as the conclusion of this court, it does not change the conclusion that the plain purpose of the proviso is that only one action of any kind shall be brought on account of the same death. To hold that a man may recover in an action as a father, and immediately clothe himself with the attributes of an administrator and recover again, would be to pervert the beneficent principles of the law into a system of wrong and oppression.

If the parents had chosen to waive their right in the first instance and allow the administrator to sue, and he had sued, recovered judgment, and collected it, it would scarcely be contended that he could take out letters again, or, on the same letters, bring another suit and recover. Neither can the same person, by simply changing his designation from father to administrator, recover again. Having had the option at first to sue in

either capacity, and having selected one, he cannot now avail himself of the other.

An inspection of the record shows that in each action (the former suit and this one) some of the counts in the complaint are on the common-law liability and some on the Employer's Liability Statute.

The only assignment of error in this case is to the overruling of plaintiff's demurrers to defendant's plea "1-A." The plea was certainly good as to some of the counts of the complaint. Under such an assignment, "the decree will be referred to the cause of demurrer which will support it, and not to those which would render it erroneous, working a reversal." Therefore the assignment cannot be sustained.—*Western Railway of Alabama v. Arnett,* 137 Ala. 414, 425, 34 South. 997; *McDonald, et al. v. Pearson,* 114 Ala. 630, 641, 21 South. 534; *Aetna Insurance Co. v. Lasseter,* 153 Ala. 630, 631, 45 South. 166, 5 L. R. A. (N. S.) 252; *Richard, et al. v. Steiner Bros.,* 152 Ala. 303-305, 44 South. 562.

The judgment of the court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., and MCCLELLAN, J., who express their views.

MAYFIELD, J.—I concur in the affirmance of this case, but for reasons different from those expressed in the majority opinion.

At common law, as is well known, no civil action would lie for a wrongful death. We now have, and have had for a great number of years, two and only two statutes, each authorizing an action for wrongful death —one known as the Homicide Statute (Code, §§ 2485, 2486), and the other as the Employer's Liability Act (Code, §§ 3019-3912).

[Hull v. Wimberly & Thomas Hdw. Co., et al.]

The chief and controlling distinctions between the two are: First, that the Homicide Statute authorizes a recovery when, and only when, the deceased could have maintained a common-law action for the wrongful act had- it not caused death; while the Employer's Act authorizes an action in those cases, and in those only, in which the deceased servant could have maintained a statutory action against the master, thereunder, had death not resulted. Second, the damages recovered under the former are punitive only, while those recovered under the latter are compensatory only.

Thus it appears that each statute has an entirely separate and distinct field and scope of operation; the one authorizing a recovery when and only when the deceased could have maintained a common-law action for the wrongful act had death not resulted; the other, when and only when the deceased could have maintained the statutory action under the Employer's Liability Act had death not resulted.

It was evidently never intended that there should be two separate and distinct actions against the same defendant, for the same wrongful death. The latter statute was intended to reach, and did reach, cases which were not reached by the Homicide Statute.

It is possible that in some cases there might be a recovery against the same defendant under either statute, but certainly not under both—any more than there could be two recoveries by the deceased, for the same injury, had death not intervened. It may be that a servant can recover either at common law or under the statute for the same injury, but certainly he cannot recover under both for the same injury. For the same reason, there cannot be two recoveries in case the injury produces death.

It is strange that the damages recoverable under one statute should be punitive while those recoverable under the other are compensatory; but this has been frequently explained by this court. The Homicide Statute was first in point of time, and was construed to be punitive, and had been readopted with that construction upon it, and, while the courts later doubted the correctness of the interpretation, they declined to change it after repeated readoptions. This error of construction, if such it was, having been pointed out by this court, when the Employer's Liability Act was passed, and our statute being taken practically without alteration from the English Employer's Act which had been construed by the English court to be compensatory only, this court, following the English court and its own judgment—the statute being new to our law—construed it to be compensatory only. The fact that one of the statutes is punitive and the other compensatory has necessarily led to more or less confusion and uncertainty as to whether or not there could be two or more recoveries for the same wrongful death; but it is perfectly certain, from an examination of the original statutes, and the various amendments of each, that it never was intended by the Legislature that there should be two actions against the same defendant for the same wrongful death.

Another source of confusion has resulted from the fact that under the Homicide Statute, if the deceased was a minor, the action is authorized to be brought either by the parent, under certain conditions, or by the personal representative; while under the Employer's Act the action could be brought by the personal representative only. But the statutes, one or both, have never authorized two recoveries—one by the parent and one by the personal representative, though both could

sue even at the same time.  If a minor is killed, the parent may sue under the Homicide Statute, and the personal representative may sue under the Employer's Act; but there cannot, or should not, be two recoveries for the same death, for the reason that, if the wrongful act had not resulted in death, the minor could have joined a count declaring on his common-law right, with another declaring on his statutory right; but he would not be entitled to recover under both counts, though he might recover under either.

Suppose the parent sue under the Homicide Statute —which is the only one he can sue under—and recover: This will be a bar to an action by the administrator, for the reason that the parent's action could be defended by showing liability only under the Employer's Act, under which the parent cannot sue; but, if the parent fail, it is not a bar to an action under the Employer's Act, for the reason that it might have been shown that if there was liability it was under the Employer's Act, and not under the Homicide Act, which alone authorizes the parent to sue.

It would probably be well to authorize the parent to sue under the Employer's Act just as he is authorized to sue under the Homicide Act, which would remove this trouble; but this is a question for the Legislature and not for the court.

The Homicide Statute expressly makes an action by either the parent or the personal representative a bar to another action by any one of them under either section of the Homicide Statute.  It was unnecessary to make an action by the parent a bar to an action under the Employer's Act, for the reason that the parent could not sue under that act.

Brother SIMPSON is of the opinion that section 2485 of the Code confers a separate and distinct right of ac-

tion from that of the Homicide Statute or that of the
Employer's Act. I think he is in error in this. This
section is now, and has ever been, nothing but a part of
the Homicide Statute, which authorizes the parent as
well as the personal representative to sue in case the
deceased was a minor. If section 2485 has this effect,
and has no relation to, or dependence upon, the Homi-
cide or the Employer's Statute, then it authorizes a re-
covery by either the parent or the personal representa-
tive, if the death was by a "wrongful act, omission or
negligence," notwithstanding the deceased could not
have recovered either at common law or under the Em-
ployer's Act, on account of contributory negligence, as-
sumption of risk, or other defenses. In other words,
the wrong, fault, or contract even, of the deceased,
would be no defense to the action of either the parent
or the personal representative. Surely no such result
was ever intended by the Legislature, any more than it
was intended that there should be two or more recove-
ries against the same defendant, for the same wrong-
ful death, notwithstanding the defendant might have
been liable to the deceased if death had not resulted,
either at common law or under the statue. It often
happens that a master may be liable to a servant for an
injury, both at common law and under the Employer's Statute, but surely he would not be entitled to two
recoveries merely because he could recover either at
common law or under the statute.

For the same reason, it seems that there ought not
to be two recoveries for the same wrongful death, even
though there might be a recovery under either the Hom-
icide or the Employer's Statute.

I concede that I can see no sufficient reason why
the damages should be punitive under one statute, and
compensatory under the other, nor why the parent

should be allowed to recover under the one and not under the other; but "Ita lex scripta est." A change is matter for the Legislature, not for the court.

McCLELLAN, J.—(dissenting.)—The single. assignment of error is interpreted as imputing unseparated error to the trial court in overruling plaintiff's demurrer to plea 1-A, which was addressed to each count of the amended complaint, separately and severally. The demurrer assailed the plea (1-A) as an answer to each count, separately and severally. The judgment entry recites that "the demurrers to plea 1-A to the complaint as amended and to each count thereof are by the court heard and considered, whereupon, it is ordered and adjudged by the court that the said demurrers be and they are hereby overruled."

The court holds that, in order to sustain the *assignment of error,* there must have been error in overruling the demurrers to the plea (1-A) as an answer to each and every count of the amended complaint; in other words, the plea (1-A) must have been insufficient as an answer to each and every count of the complaint as amended.

The cases cited are not in point. That of *Western Railway of Alabama v. Arnett* and that of *Aetna Insurance Company v. Lasseter* concerned an unseparated assignment of error as upon rulings on demurrers to *distinct pleas* and to *distinct* replications, respectively. —*McDonald v. Pearson* and *Richard v. Steiner* concerned the accepted practice of referring, on appeal, a decree on demurrer to a bill in equity to such ground or grounds thereof as will sustain the decree. Here the appellant avers in his assignment of error that the trial court erred in overruling his demurrer. It would seem to be certain that, if the plea, addressed to the counts,

separately and severally, as it was, was insufficient as an answer to any one of the counts and the *separately* and *severally* addressed demurrer pointed out its insufficiency, the court did, in fact, err to appellant's prejudice. ·

As to the substantive law of the case: If I understand what the ruling of the majority is, my views are not in entire accord therewith. If it is ruled that an action by the *parent,* as authorized by Code, § 2485, will bar an action or a recovery by the personal representative, under Code, § 3912, for the death of an intestate (minor) which resulted from injury received within the purview of the Employer's Liability Act (Code, § 3910 et seq), it appears clear to me that the process of attaining that conclusion removes, without warrant, from Code, § 2485, the words therein whereby the bar prescribed is *expressly* limited to suits under that and the *succeeding* sections, viz., 2485 and 2486. The recoverable damages under sections 2485 and 2486 are punitive only (*L. & N. R. R. Co. v. Bogue,* 177 Ala. 349, 58 south. 392); and those recoverable under the Liability Act (Code, § 3910 et seq.) are compensatory only. The *parent* cannot maintain an action under the Liability Act for the death of the child. The right thereunder is committed to the personal representative alone.—Code, § 3912; *Lovell v. DeBardelaben Co.,* 90 Ala. 13, 7 South. 756. Aside from the express restriction of the provision for a bar, in section 2485, to suits under that and the succeeding section (2486), which ought to be conclusive, the Legislature would be put in a wholly irrational attitude if it is finally held that the exercise by the *parent* of his or her right to sue for the death of the minor child (who was, also, an employee) bars suit, by the personal representative, under the Employer's Liability Act. The result would be that, without the re-

[Hull v. Wimberly & Thomas Hdw. Co., et al.]

motest legislative suggestion that I can find, the provision for the *bar* in section 2485 would operate to exempt the master from liability except for punitive damages; would operate to ingraft upon the Employer's Liability Act an *exception* not written into it, nor required to be read into it in order to avoid a double recovery.

The distinction between punitive damages and compensatory damages is universally recognized. The recovery of one does not include the other. To allow the *parent* to recover punitive damages for the wrongful death of the child is obviously a distinct matter from the recovery of compensatory damages by the personal representative. By section 2485 the *parent* is given the first right, to be exercised in six months, to bring his or her action for the wrongful death of the child under sections 2485 and 2486. Before the expiration of six months the personal representative cannot maintain a suit for the wrongful death of a minor under sections 2485 and 2486. If the personal representative should institute his action under those sections (2485 and 2486), his complaint, if predicated alone upon those sections, could be abated on seasonable plea to that end; or, if he includes with counts under the Employer's Liability Act a count or counts *not* under the Liability Act, they would be likewise subject to abatement. After six months the stated right of the parent ceases, and the personal representative's rights to sue for the wrongful death and under the Liability Act merge, and he may join in his complaint counts asserting the right to recover, for the death of the minor employee, under both the Homicide Act and the Liability Act; or he may rest his action alone on the right given by the sections 2485 and 2486.

Here the parent exercised his right to sue for the death of the minor child. His recovery could rightfully

have been of punitive damages only. If the defendant permitted the parent (plaintiff) in that suit to proceed to judgment as upon counts declaring under the Liability Act, under which the parent could take no benefit or right, obviously the fault must be attributed to the defendant's omission to guard the recovery in that action.

The distinction between a suit by an individual, and one by even the same person in a representative capacity only, is too well grounded and accepted to admit of a confusion thereof. So that, in this case, where the *parent* instituted his action within six months, and recovered for the wrongful death of his minor child, the personal representative is restricted in his right to the action authorized by the Liability Act.

To those counts of the personal representative's action *not* declaring under the Liability Act, plea 1-A was a good answer; but to those brought under the Liability Act plea 1-A was not an answer.

DOWDELL, C. J., concurs in the opinion of McCLELLAN, J., upon the substantive law of the case.

