(84 South. 839)

BIRMINGHAM RY., LIGHT & POWER CO. v. BARRANCO. (6 Div. 966.)

(Supreme Court of Alabama. Jan. 15, 1920. On Rehearing, Feb. 5, 1920.)

1. NEGLIGENCE ☞93(1) — AUTOMOBILE DRIVER'S NEGLIGENCE NOT ATTRIBUTABLE TO PASSENGER.

The negligence of the driver of an automobile cannot be attributed to a passenger having no control or authority over the driver.

2. STREET RAILROADS ☞99(14)—AUTOMOBILE PASSENGER'S DUTY DEFINED.

An automobile passenger, having no right of control over the driver, must observe the care of an ordinary person in like circumstances in respect to known dangers, but is under no duty to anticipate that the driver will omit to exercise proper care in crossing a street car track.

3. NEGLIGENCE ☞117—REQUISITES OF PLEA OF CONTRIBUTORY NEGLIGENCE DEFINED.

If the facts averred in a plea of contributory negligence did not invite a conclusion of law that the act or omission was negligence, but are in themselves equivocal, the pleader must aver the conclusion that the act or omission was negligence.

4. STREET RAILROADS ☞110(2)—PLEA OF CONTRIBUTORY NEGLIGENCE OF AUTOMOBILE PASSENGER HELD INSUFFICIENT.

In an action for injuries to a passenger in an automobile struck by a street car, pleas of contributory negligence which did not allege any facts showing knowledge of danger by the passenger or control over the driver, but merely alleged a failure by the passenger to maintain a lookout for danger, were insufficient.

5. STREET RAILROADS ☞110(2) — PLEA OF CONTRIBUTORY NEGLIGENCE OF AUTOMOBILE PASSENGER HELD DEFECTIVE IN OMITTING CONTROL OVER DRIVER.

In an action for injuries to a passenger in an automobile which collided with street car, pleas which contained as material averment a statement that the passenger well might have required the driver to heed the danger, without alleging any right in the passenger to control the driver, are insufficient, since "might" in such connection is not an affirmative term.

6. STREET RAILROADS ☞110(2) — PLEA OF CONTRIBUTORY NEGLIGENCE HELD DEFECTIVE IN OMITTING KNOWLEDGE.

In an action for injuries to a passenger in an automobile which collided with a street car, a plea alleging contributory negligence for failure to require the driver to slacken speed, which exceeded that permitted by municipal ordinance, without alleging that the passenger knew of the excessive speed or the surrounding circumstances, is defective.

7. STREET RAILROADS ☞110(2)—PLEA OF CONTRIBUTORY NEGLIGENCE OF AUTOMOBILE PASSENGER HELD DEFECTIVE, IN FAILING TO MEASURE DUTY.

A plea alleging contributory negligence by a passenger in an automobile which collided with a street car, which plea failed to measure the alleged negligence of the passenger with the standard required of ordinary care, is defective.

8. PLEADING ☞216(3)—DEMURRER TO DEFECTIVE PLEA WHICH STATED ONLY UNFOUNDED OBJECTION SHOULD BE OVERRULED.

Under Code 1907, § 5340, a demurrer to a plea of contributory negligence which specified grounds which were insufficient should be overruled, though the plea was defective for other reasons.

On Rehearing.

9. PLEADING ☞218(3) — ORDER GENERALLY SUSTAINING DEMURRER IS GOOD IF ANY GROUND OF DEMURRER IS GOOD.

If any ground of demurrer to a plea is well taken, an order generally sustaining the demurrer to the plea is not erroneous.

10. PLEADING ☞218(3)—DEMURRER TO EACH COUNT CANNOT BE GENERALLY SUSTAINED ON GROUND GOOD AS TO ONE COUNT.

Where plea was addressed to each count of complaint separately and severally, as well as to the complaint as a whole, an order generally sustaining the demurrer was erroneous, where the only valid ground of demurrer stated was that the plea of contributory negligence was insufficient as to one count alleging wanton injury.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Mrs. C. P. Barranco against the Birmingham Railway, Light & Power Company. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The following are the pleas directed to be set out:

(3) The plaintiff ought not to have and recover in this action, for that she was herself guilty of contributory negligence which proximately contributed to her injuries and damages in this: That while riding as a passenger in an automobile which was approaching a street intersection in a populous part of the city of Birmingham at a high and dangerous rate of speed, the plaintiff negligently failed to require the driver of said automobile to reduce the speed thereof, as she might well have done, and as a proximate consequence said car was driven onto said street intersection, where it collided with defendant's car, at such rapid rate of speed that it could not be stopped within the distance from said track where the driver of the automobile could see a street car approaching said intersection.

(4) That the plaintiff ought not to have and recover in this case, for that she was guilty of negligence which proximately contributed to her injuries and damages in this: That while riding as a passenger in an automobile which was traveling at a high and dangerous rate of speed, along an avenue and across street intersections in a populous part of the city of Birmingham, where plaintiff well knew that there was danger of striking or colliding with pedestrians, automobiles, or street cars at said street intersections, the plaintiff negligently failed to require the driver of said automobile to reduce the speed thereof, as she well might have done, and said car was driven at said high and dangerous rate of speed onto a street intersection, and as a proximate consequence thereof collided with defendant's street car, and plaintiff received her said injuries.

(5) Same as plea 4 down to and including the words "negligently failed to require the driver of said automobile to reduce the speed thereof," and continues as follows:

And said automobile was driven upon such street intersection at such a high and dangerous rate of speed that it could not be stopped before colliding with a street car after the driver could see such street car approaching, and as a proximate consequence of plaintiff's negligence in failing to require the reduction of speed as aforesaid said automobile collided with said street car, and plaintiff was injured as alleged.

(6) Same as plea 4 down to and including the words "negligently failed to require the driver of said automobile to reduce the speed thereof," and concludes as follows:

To a safe rate, and said automobile was driven upon a street intersection, where the collision with defendant's street car occurred, at such a high and dangerous rate of speed that he could not avoid colliding and did collide with defendant's street car, as a proximate consequence of which plaintiff received her said injuries and damages.

(7) Plaintiff ought not to have and recover in this case, for that she was herself guilty of negligence which proximately contributed to her injury in this: That plaintiff negligently allowed herself to be driven onto a street intersection, where the collision with defendant's car occurred, at such a high and dangerous rate of speed that the driver of the automobile could not stop the same within the distance from said track at which he could see defendant's car approaching said intersection, as a proximate consequence of which said automobile and said street car collided, and plaintiff was injured as alleged.

(8) That plaintiff ought not to have and recover in this case, for that, if she had looked and listened for the approaching street car of the defendant when she was close enough to the crossing to see or hear it, she would have seen or heard the same in time to have reported its approach to the driver of the automobile in which she was at the time riding in ample time for him to have slowed down or stopped the automobile in time to avert the accident, and if the driver had been so warned of the approaching car he would have slowed down or stopped said automobile in time to have averted the accident, and the defendant avers that the plaintiff negligently failed to look and listen so as to enable her to so report to the driver of said automobile, and as a proximate result thereof contributed to her said alleged injuries.

(9) That the plaintiff ought not to have and recover in this case, for that she allowed herself to be driven at a high rate of speed along certain streets and street intersections of the city of Birmingham in violation of an ordinance thereof in such cases made and provided, well knowing the danger in so doing; she negligently failed to take any steps to secure a reduction of said speed to as safe rate as she well might have done, and as a proximate consequence of her said negligence the car ran upon a street intersection at such a rate of speed that it could not be stopped before colliding and did collide with defendant's street car which was then and there passing said intersection, and plaintiff received her said injuries and damages as alleged.

The demurrers were as follows:

(1) Fails to aver or show that plaintiff negligently did or omitted to do anything.

(2) Fails to aver or show that the plaintiff had control of the driver of said auto.

(3) Fails to show or aver that plaintiff had charge or control of the operation of said auto.

(4) For aught that appears, the plaintiff, by looking or listening, could not have observed the approach of said street car.

The above are common to all the pleas. To plea 3:

Said plea is no answer to any count of the complaint and tenders an immaterial issue.

To plea 4:

Said plea fails to aver or show that the plaintiff had charge or control of the person operating the automobile.

To plea 5: Same as to 3 and 4.
To sixth plea: Same as to the preceding pleas.

To plea 7:

Alleges negligence as a mere conclusion, without setting up facts to support the averment; also demurrers assigned to the preceding pleas.

To plea 8: Same as to preceding pleas.

To plea 9: Same as to preceding pleas and adds:

No answer to complaint; seeks to hold this plaintiff responsible for the acts of a third person over whom she had no control; contrary to public policy; fails to aver that the plaintiff owned or controlled the automobile in which she was riding as such passenger at the time of the injury.

Tillman, Bradley & Morrow, of Birmingham, Huey & Welch, of Bessemer, and J. A. Simpson, of Birmingham, for appellant. The court erred in sustaining demurrers to the pleas of defendant. 124 Ind. 292, 23 N. E. 788, 7 L. R. A. 681; 120 N. Y. 290, 24 N. E. 449, 17 Am. St. Rep. 648; 78 Miss. 334, 52 L. R. A. 954, 84 Am. St. Rep. 630; 36 R. I. 447, 90 Atl. 813; 179 Fed. 577, 103 C. C. A. 135, 29 L. R. A. (N. S.) 924; 26 App. Div. 451, 50 N. Y. Supp. 85; 32 Atl. 967; 159 Fed. 10, 88 C. C. A. 488, 16 L. R. A. (N. S.) 424; 193 Mass. 309, 79 N. E. 873, 8 L. R. A. (N. S.) 597, 118 Am. St. Rep. 502, 9 Ann. Cas. 402; 123 Md. 332, 91 Atl. 411; 129 Pa. 514, 18 Atl. 718, 6 L. R. A. 143, 15 Am. St. Rep. 733; (C. C.) 50 Fed. 183; 114 Pa. 643, 8 Atl. 379, 60 Am. Rep. 367; 16 Ind. App. 640, 45 N. E. 812; 50 Wash. 619, 97 Pac. 744, 23 L. R. A. (N. S.) 1224; 66 Kan. 735, 71 Pac. 261; 216 Fed. 503, 133 C. C. A. 9, L. R. A. 1915B, 953; 181 Iowa, 642, 162 N. W. 43; 101 Neb. 479, 163 N. W. 799; 100 Neb. 192, 158 N. W. 1034; 116 Iowa, 548, 90 N. W. 358; 122 Ky. 219, 91 S. W. 685; 119 Va. 843, 89 S. E. 887; 98 Me. 575, 57 Atl. 895; 116 Me. 179, 100 Atl. 666; 195 Ala. 378, 70 South. 729.

Mathews & Mathews and Goodwyn & Ross, all of Bessemer, for appellee. Where there are several grounds of demurrer, some of which are good, and some inefficient, the court will refer the judgment to the good grounds. 199 Ala. 192, 74 South. 69; 178 Ala. 538, 59 South. 568. The court properly sustained the demurrers. Ante, p. 284, 82 South. 534; 194 Ala. 141, 69 South. 626.

McCLELLAN, J. [1] To plaintiff's (appellee's) complaint, claiming damages for personal injuries resulting from the collision of defendant's (appellant's) street car with an automobile in which plaintiff was a passenger while the car and the automobile were in public thoroughfares of the city of Birmingham, the defendant interposed nine special pleas, besides a general traverse, setting up plaintiff's contributory negligence in bar of a recovery. None of these pleas proceeded on the untenable theory, in this jurisdiction,

203 ALA.—41

that would attribute to plaintiff contributory negligence on the part of the driver of the automobile in which plaintiff was at the time a passenger, thus excluding from authoritative influence the doctrine of Birmingham, etc., Ry. v. Carpenter, 194 Ala. 141, 144, 69 South. 626, where it was well decided that a passenger who has no control, charge, or authority over the driver of the vehicle cannot be concluded in his action for damages for personal injuries by negligence of such independent driver of the vehicle. Hence the sufficiency of these several pleas, as against the demurrer addressed to them separately, must be tested by the law's measure of ascription of negligence to a passenger; the conduct or omission of the driver, in the circumstances averred, but affording the condition by which the passenger's (plaintiff's) duty, and its averred breach or breaches, is to be ascertained and, if it existed, the effect thereof upon plaintiff's right determined, to the end that it may be decided whether the plaintiff (not the driver) was approximately, contributorily negligent with respect to the injury declared on. The report of the appeal will reproduce special pleas 3 to 9, inclusive, along with the demurrers to pleas 2 to 9, inclusive.

Plea 2, the first of the series, would have predicated plaintiff's contributory negligence of her failure to look and listen for a street car approaching the point of intersection of the street over which the automobile was moving with the street over which the street car was moving; it being alleged that if the plaintiff had so looked or listened she would have discovered the street car in time to have reported its approach to the driver, whereupon "he would have slowed down or stopped in time to have averted the accident." The primary duty averred is that plaintiff, a passenger merely, should have looked and listened for the approaching car, which, being observed, would have so advised the plaintiff of its approach as that she could (must) have reported that fact to the driver, over whose operation she is not alleged to have had any authority or control. It is not inappropriate to note that neither in this plea nor in those numbered 3 to 9, inclusive, is it alleged that there was a joint enterprise, nor any relation of master and servant or principal and agent then existing between the driver of the automobile and the plaintiff, a passenger merely, nor that the driver was incompetent, intoxicated, or otherwise inefficient. Elyton Land Co. v. Mingea, 89 Ala. 521, 528, 529, 7 South. 666; Birmingham, etc., Co. v. Baker, 132 Ala. 507, 31 South. 618. Some of the stated alternative factors, absent from the pleas, were present in the case of McGeever v. O'Byrne, 82 South. 508,[1] where the particular action was by the passenger (guest) against the driver

[1] Ante, p. 266.

of the automobile, thus, in some respects, distinguishing that decision from the case now under consideration. However, in the last-cited decision (McGeever v. O'Byrne), and in Birmingham So. Ry. Co. v. Harrison, 82 South. 534,[2] in response to rehearing therein, many decisions pertinent to this subject are noted, and some were approved and quoted.

[2] It results, from principles recognized in the last-cited decisions, along with Mingea's Case, supra, Cent. of Ga. Ry. Co. v. Jones, 195 Ala. 378, 70 South. 729, and Huddy on Automobiles (5th Ed.) §§ 688, 689, 690, 694, that there rests upon even a mere guest, normal with respect to the senses, in a vehicle over whose operation or its operator (not shown to be incompetent for any reason) such guest has no right of control and toward whom the guest bears no relation of agency, the duty to observe ordinary care —the care an ordinarily prudent person, in like circumstances, would observe—in respect of dangers or perils known to such guest or suggested by attendant circumstances that would have advised a reasonably prudent person likewise situated that danger or peril was imminent or impending; but that there is no duty on such guest to anticipate that the independent driver of the vehicle in which such guest is riding will enter the sphere of danger or peril ahead, or will omit to exercise commensurate care to sense the approach or the probable approach of other agencies of transportation with reference to which the ordinarily prudent driver should, in due observance of his duty, govern the movement of the vehicle he controls. Where, however, such guest knows of the danger or peril into or toward which the vehicle is being driven, or the circumstances of realized speed of the vehicle and known location and its surroundings ahead are such as to suggest, to a reasonably prudent person likewise situated, the probability that a sphere of danger or peril may be created thereby or may be entered in course of the vehicle's movement, it is the duty of such guest to warn the driver in the premises and to protest a continuance of a movement so actually or probably fraught with danger or peril to such occupant of the vehicle. In other words, the duty imposed upon such person, whatever his seat in the vehicle, is created by either known dangers or perils that the attendant circumstances reasonably suggest or foreshadow. The duty is therefore not original with respect to the operation of the vehicle, but resultant, and that only from known and appreciated circumstances capable of bringing it into effect. Otherwise, the law would be held to sanction this irrational result: Such person would be allowed to close his senses to known dangers or to perils reasonably suggested by the attendant circumstances indicated, in blind reliance upon the unaided care of another, independent of such person's control though that other is, without assuming the consequences of the omission of such ordinary care as the attendant circumstances or known perils create. Shear. & Red. on Neg. (6th Ed.) § 66a; McGeever v. O'Byrne, supra.

[3] As said in many well-considered decisions on the subject, no fixed rule applicable to all cases can be formulated by which to determine when the duty stated arises, or what particular circumstances raise the duty, or what particular warning, protest, or action will suffice to manifest a discharge of the duty once it has arisen. The general serviceable rule justifying pronouncement of law upon facts and circumstances shown or requiring submission to the jury, as the case may be, is that reproduced in Birmingham So. Ry. v. Harrison, 82 South. 541,[2] among other of our cases, from Grand Trunk Ry. Co. v. Ives, 141 U. S. 417, 421, 422, 12 Sup. Ct. 679, 36 L. Ed. 485. The facts averred in a plea of contributory negligence must ordinarily invite a conclusion of law that the act or omission alleged characterized plaintiff's conduct or omission as negligence, or where the full allegation of the fact and circumstances in such plea are in themselves equivocal with respect to negligence vel non, the pleader must aver his conclusion that the act or omission charged was negligence. B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 278, 279, 61 South. 80, Ann. Cas. 1916A, 543.

[4, 5] The application of the principles stated to plea 2 makes manifest its insufficiency. Without any efficient, invitatory averment of fact, it sought to predicate contributory negligence of an obligation on the part of the passenger (plaintiff) to maintain an outlook; whereas there was no such duty, in the absence of special circumstances relating to the driver's competency or known disregard of his duty in that connection that would serve to impose the duty to maintain an outlook. Jones' Case, supra. We say this much of plea 2, and the same observations may be made of pleas 7 and 8, without intending to affirm that the demurrers took appropriate note of the deficiency of these pleas (3, 7, and 8). Code, § 5340. Pleas 3, 4, 5, and 6 each attached importance to and made material an averment that plaintiff "well might" have "required" the driver to heed present or impending danger and to govern the operation of the car accordingly. This feature of these pleas made it necessary, if plaintiff was to be concluded by the omission charged therein, to aver also the right, power, or authority in the passenger to control the driver in the premises. The allegation that the plaintiff "well might have" required the driver to take account of the dangers averred was not the affirmation that the plaintiff had power or authority so

to do. "Might" is a term not at all affirmative (Shelton v. Hacelip, 167 Ala. 217, 221, 51 South. 937) in the connection here used, particularly on hearing on demurrer. The demurrers took this specific objection to these pleas, and the court properly sustained them.

[6-8] Plea 9 proceeds upon a theory consistent with the principles we state ante in defining, generally, the bases for the imputation of contributory negligence to a passenger (not as from or through the driver) who has no relation to or control over a driver not averred to be incompetent at the time. This plea was defective in respect of appropriate allegation of knowledge on the part of the plaintiff of the "high rate of speed" and of the place (thoroughfares) and its surroundings traversed by the automobile, under the circumstances alleged, with the effect of invoking the law's imposition of the stated duty on the part of the passenger (plaintiff). It should be observed, however, that knowledge of the elements of a dangerous situation is not always the equivalent of knowledge or appreciation of a particular peril. The allusion in this plea (9) to the city ordinance contributed nothing to the force or effect of the plea, its theory and pith being that the plaintiff was derelict in her duty in the premises—a duty the circumstances averred (defectively alleged therein) called into being, and to the discharge of which the plea avers the plaintiff took no steps to secure the reduction in the speed of this automobile. The plea was further defective in failing to measure plaintiff's asserted breach of duty by the law's standard of what a reasonably prudent person would or could have done in the circumstances toward the discharge of the duty the particular circumstances imposed upon the plaintiff. The demurrer to plea 9 specified none of these objections to the plea. Our statute requires specification of defects. Code, § 5340. The consideration on demurrer to a plea susceptible of healing amendment is restricted to grounds assigned within the rule of the cited statute. The ground of demurrer that negligence asserted was averred as a conclusion of the pleader was ill founded. This plea's sufficiency was not dependent upon plaintiff's power or control over the driver, the defense sought to be set up being referable to plaintiff's inaction under circumstances, conditions, created by the independent driver. This plea expressly avers that plaintiff's therein pleaded negligence was the proximate cause of her injury. Whether that result is established when the evidence is adduced is a question not presented on this appeal.

For the error committed in sustaining the demurrer to plea 9, the judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

### On Rehearing.

McCLELLAN, J. The application for rehearing does not at all question the law of the case as set forth in the foregoing opinion.

[9] The only argument presented in the brief for rehearing—it was not suggested before—is the application to the action of the court in overruling the defendant's (appellant's) demurrer to plea 9, reviewed in the original opinion, of the rule the brief thus quotes from National Park Bank v. L. & N. R. R. Co., 199 Ala. 192, 74 South. 69, 71:

."The rule prevailing in this state is that, where there are several grounds of demurrer, some of which are sufficient and others insufficient, and the judgment sustaining the demurrer is general, the ruling will be referred to the grounds that are well taken. Steiner v. Parker & Co., 108 Ala. 357, 19 South. 386; Tatum v. Tatum, 111 Ala. 209, 20 South. 341; Richard v. Steiner Bros., 152 Ala. 303, 44 South. 562; McDonald et al. v. Pearson, 114 Ala. 630, 641, 21 South. 534; Hull v. Wimberly & Thomas Hdw. Co., 178 Ala. 538, 59 South. 568."

The rule as thus reproduced is correct and had been repeatedly previously stated by this court. Its application to the state and point of the pleading in the present instance is the only subject of inquiry at this time. The complaint contained counts 1 and 2. The former (1) attributed plaintiff's injury to simple negligence. In the latter count (2) it appears to have been the pleader's purpose to attribute the injury to wanton wrong. Whether this intent was appropriately expressed in the averments of count 2, under the rule of Birmingham Ry., etc., Co. v. Brown, 150 Ala. 327, 43 South. 342; Woodward Iron Co. v. Finley, 189 Ala. 634, 66 South. 587, among others, is not a question necessary to be considered or decided. It is assumed, for the occasion only, that count 2 is an effective wanton count, and that a plea of contributory negligence is no bar to a recovery on a wanton count.

[10] Plea 9 was one of eight special pleas (2 to 9, inclusive), addressed to the complaint as a whole and to each count of the complaint, separately and severally. To all of these pleas (2 to 9, inclusive) the plaintiff filed demurrers. One of the grounds assigned against plea 9—the only one referred to or relied on in the brief on rehearing—is that numbered 4, which reads: "For that said plea is no answer to the second count of the complaint which charges wantonness." The judgment of the court on the demurrers to pleas is as follows:

"Plaintiff files demurrers to pleas. Which demurrers are by the court heard and considered and the court is of the opinion said demurrers are well taken as to all of said pleas except plea

of general issue. It is therefore considered and adjudged by the court, and it is the judgment of the court, that demurrers be and they are hereby sustained to all of said pleas except plea of general issue."

It is manifest that the rule quoted above has no application in this instance. Here plea 9 was interposed as a distinct, separate plea in bar to count 1, as well as to count 2. The fourth ground of demurrer, if it was anything more than a general ground, only assailed it as a sufficient answer to count 2. That ground did not question the sufficiency of plea 9 as a sufficient or efficient answer to count 1. In other words, plea 9 was not at all assailed, not questioned in so far as it was separately and severally addressed, standing as an independent plea, to count 1. Had ground 4 been the only ground in the demurrer (the other grounds were not well taken, as decided in the original opinion), it is obvious that the plea (9) would not have been demurred to in respect of its distinct quality as an answer to count 1. The familiar rule, quoted ante, is simply that the propriety of the action of a trial court in sustaining a demurrer that contains good and bad grounds will be referred to the good grounds; this for the reasons indicated in response to rehearing in Cahaba Coal Co. v. Elliott, 183 Ala. 307–310, 62 South. 808. In this instance there was no ground numbered 4 to which the action of the court in sustaining demurrer to plea 9 as an answer to count 1 could be referred.

In Hull v. Wimberly & Thomas Hdw. Co., 178 Ala. 538, 546, 59 South. 568, in the majority opinion, the demurrer was overruled; and, notwithstanding the dissenting view (178 Ala. 551, 552, 59 South. 572, 573), it was held that, under the limited assignment of error there made, error could not be imputed to the trial court. As appears, that decision is without bearing here.

The application for rehearing is denied.