# Cahaba Southern Mining Co., v. Pratt, Admr.

*Action for Damages for Death of Employe.*

(Decided April 12, 1906.   40 So. Rep. 943.)

1. *Pleadings; Pleas; Additional Pleas.*—When the defendant has pleaded, and the time for pleading has passed, it is within the discretion of the trial court, and its action is not reviewable, to allow the filing of additional pleas. Sec. 3304, Code 1896, applies only to correcting defects of pleas filed.

[Cahaba Southern Mining Co. v. Pratt, Admr.]

2. *Master and Servant; Injuries to Servant; Instructions.*—Where the evidence tended in some particulars to show, in an action for injuries to the servant by defective propping of the roof, that it was defendant's duty to put up props and to look after the timbering for a certain distance, and if props came out to notify the master, but no tendency in the evidence that it was his duty to maintain or inspect props in the mine at the point where the injury occurred, an instruction that it was not decedent's duty to inspect or maintain props there, was proper.

3. *Same.*—A charge asserting that if the jury believed the death of decedent was occasioned by an accident, the verdict should be for the defendant, is improper, since to acquit defendant it must have been such an accident as could not have been avoided by proper precautions.

4. *Same.*—Where, under the evidence, the jury might have inferred that the injury resulted, either from the unsafe condition of the props, or the improper construction of the car, or both, an instruction that if the props at the place where the injury occurred were reasonably safe, and that if defendant had provided a car safe in itself for decedent, or exercised ordinary care in providing it and in keeping it in such condition, the verdict must be for the defendant, was properly refused.

5. *Same; Contributory Negligence; Instructions.*—Instructions as to contributory negligence and assumption of risk not hypothesized upon the facts set up in such pleas are properly refused.

6. *Death; Action; Damages.*—When the evidence tended to show that decedent handed his family twenty dollars each month for their support, and also paid his commissary bill for supplies for his family, and that he earned fifty dollars per month, it was proper to refuse to charge the jury that his administrator could recover only nominal damages.

APPEAL from Birmingham City Court.
Heard before Hon. C. W. FERGUSON.

This was an action by the administrator of an employe of defendant for negligently causing the death of his intestate. There were six counts in the complaint. The first count counted on a defect in the ways, works, machinery, and plant of the defendant's mine, in that a post which supported the roof of the mine was negli-

gently placed so close to the track as to be struck by the mining car passing on the track, and was so struck, caus-ing a lot of rock or slate to fall upon plaintiff's intestate The third count counted on a defect in the construction of the car in its spread and width, whereby it could not pass the post, struck it, causing the rock to fall. The other counts counted on the negligence of one of the superintendents. The sixth count counted on the negli-gence of the defendant in failing to exercise reasonable care in providing a reasonably safe place for plaintiff's intestate to do his work while in defendant's employ. The defenses interposed were the general issue; contrib-utory negligence on the part of the plaintiff's intestate in failing to have sounded the roof of the room in which he was at work by striking it with a pick handle or some other instrument to test the roof for looseness of rock or slate, alleging a duty on the plaintiff's intestate to do this; contributory negligence on the part of the intestate in placing the post too near the mine track; contributory negligence in keeping his room in such dirty condition that the car could not pass over the tracks under its own momentum,wherefore it became necessary to have the car drawn out into the entry, thus causing the car to deflect and strike the post. The other pleas were assumption of risk.

The plaintiff requested the court to give the following written charges: Charge 2: "If the jury believe from the evidence that the post or prop that was knocked down, causing the rock to fall and kill Seaborn Young, was too close to the room track to permit cars to pass in safety, this was a defect in the ways, works, machinery, or plant of defendant; and if such defect had not been discovered or remedied, owing to the negligence of de-fendant or some one intrusted by it with the duty of looking after its ways and works, and such defect was the proximate cause of the death of plaintiff's intestate, then your verdict must be for the plaintiff." Charge 4: "If the jury believe from the evidence that the car that knocked the prop down was defective, and too wide to

pass by said prop in safety, and the defect in the car was the proximate cause of the death of plaintiff's intestate, then your verdict must be for the plaintiff, if you further believe from the evidence that said defect arose from, or had not been discovered or remedied owing to the negligence of defendant or some one intrusted by it with the duty of seeing that its ways, works, machinery, or plant were in proper condition." Charge 8: "I charge you, gentlemen of the jury, that if you believe the evidence in this case, it was not the duty of the plaintiff's intestate to inspect or maintain the props in the mine at the point where he was injured."

The defendant requested the court in writing to give the following charges, which were refused: Charge 4: "I charge the jury that if from the evidence you find that the death of plaintiff's intestate was occasioned by an accident, then your verdict must be for the defendant." Charge 5: "If the jury believe from the evidence that the condition of the props in the neck of room 21, where the plaintiff's intestate was injured, were reasonably in a safe condition, then the jury must find for the defendant." Charge 7: "I charge the jury that, if you believe the evidence in this case, the plaintiff can recover only nominal damages." Charge 8: "I charge the jury that if from the evidence you find that the defendant provided the plaintiff with a mining car in itself safe, or exercised ordinary care in providing it, and exercised the same care to keep it in that condition, then your verdict must be for the defendant, unless you further find that the defendant wantonly, recklessly, or intentionally injured the plaintiff." Charge 9: "If the jury believe from the evidence that the plaintiff's intestate knew that the neck of his room in which he was at work was improperly supported with props, and knew their proximity to the mine rails leading into his room rendered the passage of a car dangerous at the place where he was injured, then the jury must find for the defendant." Charge 10: "I charge the jury that if from the evidence you find that the defendant provided the plaintiff's intestate with a

mining car in itself safe, or exercised ordinary care in providing, and exercised the same care to keep it in that condition, then it cannot be held to answer for the negligence of the servant whose duty it was to push it, inspect it, and to use only when safe, and to give it notice when it became unsafe." Charge 13: "I charge the jury that under the evidence in this case the plaintiff's intestate was not a servant of the defendant." Charge 14: "I charge the jury that, if you believe the evidence in this case, the plaintiff's intestate was not an employe of the defendant, but an independent contractor." Charge 15: "If the jury believe from the evidence that the plaintiff's intestate, had he exercised reasonable diligence, would have known that the car which he was taking out of his mine would not safely pass the props placed along the mine rails in the neck of his room, then the jury must find for the defendant." Charge 16: "The court charges the jury that if from the evidence you find that Seaborn Young received from the defendant from 45 to 50 cents per ton upon a sliding scale, according to the price of pig iron, for all coal mined by him in its mines, and that under his contract it became a part of his duty to deliver the mine cars loaded with coal at the switch in the main entry in its mine, and that the defendant did not direct or control him in the manner in which he should do this work, then your verdict must be that he was not the employe or servant of the defendant." Charge 19: "I charge the jury that if from the evidence you find that the plaintiff's intestate met his death owing to the fact that the post which fell was placed in a dangerous proximity to the rail of the track leading to the plaintiff's intestate's room, but if you further find that the post and its location with reference to the mine rail of the track was a patent and visible one, alike open to the observation of the plaintiff's intestate, and that such condition of the prop was thus known, or could have been known, by the plaintiff's intestate by the reasonable exercise of his sense of sight for nine months preceding the accident, and that he failed to give notice thereof to the defendant,

or to some person intrusted by it with the duty of seeing that its ways and plant was in proper condition, then I charge you that the plaintiff's intestate assumed the risk incident to the location of said post, and that he cannot recover in this case, unless the jury should find that the defendant wantonly, recklessly, or intentionally injured him." Charge 20: I charge the jury that if from the evidence you find that Seaborn Young was paid an amount ranging from 47 1-2 cents to 57 1-2 cents per ton of coal mined by him, according to the scale as regards the price of pig iron, and if you further find that it was a part of his contract to deliver the cars loaded by him at the switch on the main track in the main entry, then you must find that he was an independent contractor, and not an employe of the defendant." Charge 21: "If from the evidence you find that the plaintiff's intestate was paid by the defendant according to the quantity of coal he mined, and that the defendant did not reserve the right to direct or control him in the manner in which he delivered his car from the face of the heading at the switch on the main line of its haulage way in its mine, then he was not a servant of the defendant."

JOHN F. MARTIN, for appellant.—The defendant is entitled to plead at any time before default entered.—*Woosley v. R. R. Co.* 28 Ala. 536; *Rhodes v. McFarland,* 43 Ala. 95; *Wagner v. Turner,* 73 Ala. 197; Code 1896, § 3308.

The court erred in giving charges 2, 4, 6 and 7 requested by plaintiff. The court should have given charge 4, requested by defendant.—*Williams v. Coosa Mfg. Co.* 32 So. Rep. 232. Charges 5, 8, 10, 12, requested by the defendant should have been given.—*Smoot v. M. & M. R. R. Co.* 67 Ala. 20; *Houston Bis. Co. v. Doud,* 34 South. 268. Charges 9, 15, 18 and 19 should have been given as requested by the defendant, as should charges 13, 14, 16, 20 and 21. Charge 7 should have been given.

UNDERWOOD & THACH and GEO. P. BONDURANT, for appellee.—It was within the discretion of the court, and

[Cahaba Southern Mining Co. v. Pratt, Admr.]

not reviewable, to refuse permission to defendant to file pleas sought to be filed.—*Jones v. Ritter*, 56 Ala. 270; *Steel v. Tutwiler*, 57 Ala. 113; *Walker v. English*, 106 Ala. 369; *Foster v. Bush*, 104 Ala. 662. The court did not err in giving the charges requested by the plaintiff.— *Glass v. Meyer*, 124 Ala. 332; *Bienville v. Mobile*, 125 Ala. 178; *Johnson v. Phil. Co.* 129 Ala. 522.

The charges requested by the defendant were properly refused. Charge 7, especially so.—*Tutwiler Co. v. Enslen*, 129 Ala. 347; *L. & N. v. Orr*, 91 Ala. 548.

SIMPSON, J.—This case was an action for damages for the death of plaintiff's intestate, who was an employe of defendant (appellant). The summons was executed on defendant January 9, 1904, demurrer to the complaint was filed January 16, 1904, and pleas were filed January 2, 1905. Under a rule adopted by the court, previously, in accordance with the powers conferred by the special act establishing said court, and amendment thereto (Acts 1884-85, p. 216, § 1, and Acts 1888-89, p. 992), the pleadings in said case were to be heard during the first week in January, 1905, and said pleadings were heard and settled on the 2d day of January, 1905. On the 19th day of January, 1905, when the case came on for trial, the defendant, before announcing ready for trial, and claiming surprise, moved the court for permission to amend its pleas by adding the pleas shown in the record numbered A and B, respectively. Objection was made by the plaintiff, which was sustained by the court, and the defendant was refused permission to file such additional pleas. During the progress of the trial the defendant repeated the motion to be allowed to file said additional pleas, and the same was overruled by the court. It is the settled doctrine of this court that it is a matter within the discretion of the trial court to allow or reject additional pleas, proposed to be filed, after the defendant has pleaded, and the time for pleading, as prescribed by the rules of prac-

tice, has passed, and the exercise of this discretion is not revisable.—*Steele v. Tutwiler,* 57 Ala. 113; *Foster v. Bush,* 104 Ala. 662, 16 South. 625; *Walker v. English,* 106 Ala. 370, 17 South. 715; § 3304 of the code of 1896. As it stood in revised code 1867, § 2657, it was held to apply only to amendments to pleas to correct defects, and not to additional pleas, and the section has been re-adopted in successive codes with this interpretation.— *Jones v. Ritter's Adm'r,* 56 Ala. 270, 282, 283. Consequently we cannot say that the court erred in refusing to allow these additional pleas to be filed. The record does not show any error thereon; hence they are not considered.

The only criticism offered to charges 2 and 4, which were given on request of the plaintiff, is that they ignore the question of contributory negligence. No evidence of contributory negligence is pointed out to us, and we find none in the evidence. Hence there was no error in giving these charges.

It was not erroneous to give charge 8, requested by the plaintiff. While there was some evidence tending to show that it was the duty of plaintiff's intestate to put up the props as he went on with his work, to look after the timbering for 50 feet back of the face of the heading, and, "if any props came out behind him, to tell the company about it," yet there was no evidence that it was his duty "to inspect or maintain the props in the mine at the point where he was injured."

Charge 4, requested by the defendant, was properly refused. It was misleading. In one sense of the word, and in common parlance, all such injuries are occasioned by an accident; but, in order to relieve the defendant of responsibility, it should be an accident which could not have been avoided by the exercise of proper precautions.

Charges 5 and 8, requested by the defendant, were properly refused. According to the evidence, it was open to the jury to find that the injury resulted from either one of two causes, to-wit, the unsafe condition of props

[Cahaba Southern Mining Co. v. Pratt, Admr.]

or the unsafe condition of the car, or from both. It would, therefore, be improper to give a charge for the jury to find a verdict for the defendant founded only on the condition of one.

Charge 10, requested by the defendant, was properly refused, because first, it is elliptical, it not appearing clearly whether the servant referred to is the deceased, or some other servant; second, if it referred to the deceased, then it assumes that it was the duty of deceosed to inspect the car, also that the deceased could tell by inspection that it was unsafe; third, if it refers to some other servant, whose duty it was to inspect the car and report its unsafe condition, then the defendant would be liable for his negligence.

There was no error in refusing to give charges 9, 15, and 18, requested by the defendant. The facts hypothesized in the charges do not correspond with the facts set up in the pleas.

Charge 19 is subject to the same objection. Moreover, the statute does not make it the duty of the servant to give "notice to the defendant, or to some person intrusted by it with the duty of seeing that its ways and plant are in proper condition," but only "to give information thereof to the master or employer, or some other person superior to himself engaged in the service or employment of the master or employer."—Code 1896, § 1749.

Charges 13, 14, 16, 20, and 21, requested by the defendant, were properly refused. The testimony in this case does not show that the deceased was an independent contractor, but an employe.—*Drennen & Co. v. Smith*, 115 Ala. 396, 22 South. 442.

There was no error in refusing to give charge 7, requested by the defendant. The witness Rene Young testified that the deceased handed to her each month, for the use of his family, from $20 to $30, besides paying his commissary bill; also that he earned from $50 to $60 per month, and spent about $15 on his clothing, and bought some picks and shovels.

[Richards v. Sloss-Sheffield Steele & Iron Co.]

The bill of exceptions states that "during the argument * * * plaintiff's counsel read to the jury a decision from the supreme court of Alabama, and endeavored to explain to the jury the means by which it might arrive at the proper amount of damages," and that "the defendant moved to exclude such statements made by plaintiff's counsel." There is no merit in this objection, as the counsel have a right to argue to the jury the manner in which they are to ascertain the amount of the verdict, while it is for the court to instruct them what mode is correct.

The judgment of the court is affirmed.

WEAKLEY, C. J., and TYSON and ANDERSON, JJ., concur.