(80 South. 790)

LOUISVILLE & N. R. CO. et al. v. PHIL-
LIPS. (6 Div. 843.)

(Supreme Court of Alabama. Dec. 19, 1918.
Rehearing Denied Feb. 13, 1919.)

1. RAILROADS &#9672;&#10137;378—INJURIES TO PERSONS
ON TRACKS—TRESPASSER.

Where engineer in charge of train negligent-
ly failed to give signals or alarms after discov-
ering peril of plaintiff's minor son, the fact
that the minor was a trespasser is no defense.

2. APPEAL AND ERROR &#9672;&#10137;1043(6)—REVIEW—
HARMLESS ERROR.

Error in sustaining plaintiff's motion to ex-
clude a portion of defendant's answer to in-
terrogatories filed under the statute is harm-
less, where the only counts upon which the
matter could have been considered were elimi-
nated.

3. RAILROADS &#9672;&#10137;400(9)—INJURIES TO PER-
SONS ON TRACKS—EVIDENCE—JURY QUES-
TION.

In an action for the death of plaintiff's
minor son, who was run down by defendant's
train, the question whether the engineer in
charge was guilty of negligence in failing to
sound alarms after discovering the minor's posi-
tion of peril *held*, under the evidence, for the
jury.

4. DEATH &#9672;&#10137;99(1) — DAMAGES — EXCESSIVE-
NESS.

The damages provided by the homicide stat-
ute, Code 1907, § 2485, are punitive, and with-
in the discretion of the jury, and a verdict will
not be disturbed, unless the appellate court, aft-
er an examination of the entire record, con-
cludes that, in the fixing of damages, the jury
was actuated by passion or prejudice.

5. DEATH &#9672;&#10137;99(3) — DAMAGES — EXCESSIVE
AWARD.

An award of $15,000 damages in favor of
plaintiff, whose minor son was killed by de-
fendant's train, *held* not to appear to have been
the result of passion or prejudice on the part
of the jury, and so will not be disturbed.

6. APPEAL AND ERROR &#9672;&#10137;713(3)—REVIEW—
RECORD.

Where the motion for new trial is overruled,
the propriety of the overruling of the motion
may be considered, though the judgment over-
ruling the same is contained in the bill of ex-
ceptions only, and not in the record proper.

Appeal from Circuit Court, Cullman Coun-
ty; Robert C. Brickell, Judge.

Action by J. W. Phillips against the Louis-
ville & Nashville Railroad Company and
John Cobb, the engineer in charge of the
train, for damages for the death of plain-
tiff's minor son. There was judgment for
plaintiff in the sum of $15,000, and defend-
ants appeal. Affirmed.

A. A. Griffith, of Cullman, Eyster & Eyster,
of Albany, and George W. Jones and E. Per-

ry Thomas, both of Montgomery, for appel-
lants.

F. E. St. John, of Cullman, for appellee.

ANDERSON, C. J. [1] The fourth count
of the complaint charged subsequent negli-
gence on the part of the engineer for failing
to give signals or alarms after discovering
the peril of the intestate, and that said fail-
ure was the proximate cause of his death.
It was not, therefore, necessary to negative
the fact that intestate was a trespasser, and
the count was not subject to this or any oth-
er ground of the defendant's demurrer.

[2] The trial court erred in sustaining the
plaintiff's motion to exclude a certain portion
of the defendant's answer to the interroga-
tories filed under the statute. Sullivan Tim-
ber Co. v. L. & N. R. R. Co., 163 Ala. 125, 50
South. 941. This ruling, however, was innoc-
uous, as the only counts upon which it could
have had any bearing were eliminated. This
evidence related to efforts to stop the train,
and the only count submitted to the jury
was predicated solely upon a failure to sig-
nal the intestate, and not a failure to stop or
slacken the speed of the train.

[3] It was a question for the jury as to
whether or not the intestate was in a peri-
lous position when the engineer discovered
him upon the track, whether or not the en-
gineer did or did not discover that he was
unaware of his peril, whether or not he blew
the whistle or sounded an alarm, and wheth-
er or not a failure to do so was the proxi-
mate cause of the intestate's death. The en-
gineer admitted discovering the intestate
and his companions on the track when with-
in 200 feet of them, while rounding the curve
in the rear end of the cut, and claimed that
he blew the whistle; but there was a con-
flict as to whether or not the whistle was
blown, as several witnesses who were present
testified that they heard no whistle, and it
was for the jury to determine whether or not
it was blown, and whether or not a failure
to blow the same was negligence proximately
causing the intestate's death. L. & N. R. R.
Co. v. York, 128 Ala. 305, 30 South. 676. It
was also for the jury to determine whether or
not the plaintiff's witnesses could have heard
the whistle, had it been blown. There was
no error in refusing the general affirmative
charge requested by the defendant.

The defendant moved for a new trial
upon several grounds, but, as we understand
appellant's brief, the grounds insisted upon
here are, first, the verdict was contrary to
the weight of the evidence as to blowing the
whistle; and, second, that the damage
awarded is excessive. True, the trainmen
testified positively to the blowing of the
whistle, and the plaintiff's evidence is what
is termed negative; but the jury saw and
heard the witnesses, got the location and

surroundings of the plaintiff's witnesses, and had data from which they could infer that they would have heard the whistle, had it been properly blown, and we are not prepared to say that the conclusion reached upon this phase of the evidence was plainly erroneous and contrary to the great weight of the evidence.

[4, 5] While the judgment is for a considerable sum, the suit was under the homicide statute (section 2485 of the Code of 1907), and the damages there provided are punitive and within the discretion of the jury, and the verdict will not be disturbed, unless the appellate court, after an examination of the entire record, concludes that in the fixing of the damages the jury was actuated by passion or prejudice, and which conclusion we do not reach in the instant case. L. & N. R. R. Co. v. Bogue, 177 Ala. 349, 58 South. 392. Counsel for appellant, in brief, calls attention to the cases of Williams v. S. & N. R. R., 91 Ala. 635, 9 South. 77, and Hull v. Wimberly Hardware Co., 178 Ala. 538, 59 South. 568. The Williams Case was expressly dealt with in the case of L. & N. R. R. Co. v. Bogue, supra, wherein so much of the opinion as stated that the damages under this statute were compensatory, and not punitive, was declared dictum and unsound. The case of Hull v. Wimberly does not conflict with the Bogue Case, supra, or other cases here cited, holding that the damages under section 2485 are punitive. Simpson, J., the writer of the opinion, expressed his individual views to the effect of the soundness of the Williams Case, and did not think the statement in the opinion was dictum, but further on conceded that the question was settled contrary to his views in the Bogue Case, supra, and accepted said case as the conclusion of the court, and the opinion which was concurred in proceeded upon the theory that the Bogue Case was the law.

[6] Counsel for appellee insists that, as the judgment overruling the motion for a new trial is contained in the bill of exceptions only, and not the record proper, it cannot be reviewed or revised by this court, citing the cases of Smith v. Yearwood, 197 Ala. 680, 73 South. 384; Stokes v. Hinton, 197 Ala. 230, 72 So. 503, and So. Ry. Co. v. Nelson, 148 Ala. 88, 41 South. 1006. These cases make this requirement only when the motion is granted and appeal is taken from the judgment granting the motion only, and not to cases where a judgment is left in force by overruling the motion. Note the distinction in the Nelson Case, supra. It is true that neither the opinion nor the report of the case in Smith v. Yearwood, supra, discloses whether the motion was granted or refused; but the original record shows that the motion was granted, and the appeal was from said judgment alone. Here the motion was refused, and the appeal is upon the main judgment.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.