(88 South. 908)

**LOUISVILLE & N. R. CO. et al. v. CROSS.**
(4 Div. 899.)

(Supreme Court of Alabama. Feb. 10, 1921. Rehearing Denied April 28, 1921.)

1. **Death ⟐78—Damages for child's death punitive.**

Damages recoverable in actions by parents under Code 1907, § 2485, for the wrongful killing of minor children, are punitive only.

2. **Appeal and error ⟐1005(3) — Denial of motion for new trial where verdict was based on conflicting evidence not disturbed.**

Where there was evidence and inferences from evidence going to establish every fact essential to plaintiff's right to recover, and there was evidence and inferences from evidence going to refute the case made for plaintiff, it was the jury's function to decide the issues, and it cannot be affirmed on appeal that the trial court erred in overruling motion for new trial on the ground the evidence did not warrant verdict for plaintiff.

3. **New trial ⟐77(1)—Fact gruesome details of death sued for admitted in evidence has no tendency to show prejudice of jury.**

In an action against a railroad for death of plaintiff's minor child, the fact that the gruesome details of the child's death, together with its clothing, were admitted in evidence, defendant not having objected, possesses no tendency to show passion, bias, or prejudice on the part of the jury in the verdict rendered.

**4. Appeal and error ⬥524—Full record requires incorporation of photographs introduced below.**

A full record in the Supreme Court requires the presence therein of photographs introduced in evidence on the trial.

**5. Evidence ⬥380—Questions to photographer as to what flag on photograph meant proper.**

In an action by a parent against a railroad for death of his minor child, there was no error in overruling objections to questions to a photographer as to what a flag on a photograph was for, whether it was to indicate where blood was on the track, etc.

**6. Death ⬥95(1) — Measure of damages degree of culpability.**

In an action against a railroad, under Code 1907, § 2485, for death of plaintiff's minor child, the damages being punitive only, the measure of the amount of a proper assessment is the degree of culpability causing the death.

**7. Death ⬥99(3) — Culpability of railroad's engineer discovering child held measured by verdict.**

If defendant railroad's engineer discovered the peril of plaintiff's child in time to have averted injury by the use of the requisite skill and diligence to stop, but instead of doing so speculated on the 20 months old child's appreciation of its danger and its ability to get off the track on hearing a warning whistle, it cannot be affirmed that such speculation did not characterize the conduct or omission of the engineer with a degree of culpability that was well measured by a verdict for $15,000 for the child's death.

On Rehearing.

**8. Trial ⬥115(5)—Reading of prior report to court not improper.**

In an action against a railroad for death of plaintiff's minor child, it was not improper or objectionable for counsel for plaintiff, in discussing the law of the case to the court in opening argument, to read to the court the report of a former case against the same defendant for death of a minor son, in which $15,000 was awarded and held not excessive by the Supreme Court; counsel for defendant having invoked no action by the court to remove the jury from the room during such reading, but having merely asserted that the facts of the other case should not be considered by the jury in arriving at a verdict, to which the court assented, and stated that the jury would be so instructed, doing so subsequently in general terms.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action by L. R. Cross against the Louisville & Nashville Railroad Company and Ed McKenzie, for damages for the death of plaintiff's minor child. Judgment for plaintiff, and defendants appeal. Affirmed.

Count 1 of the complaint is as follows:

The plaintiff claims of the defendant the sum of $50,000 damages, for that on, to wit, June 17, 1920, the defendant Louisville & Nashville Railroad Company was operating a railroad in Covington county, Ala., and that the defendant Ed McKenzie was in the employment of said defendant company as a locomotive engineer, and that on said date the plaintiff's 20 months old minor child was on the said defendant company's railroad track alone, and the defendant McKenzie was in charge of one of the defendant company's engines, to which was attached a train of cars, and while acting within the scope of his employment as such engineer, and after discovering the perilous position of said child on said railroad track as aforesaid, he negligently failed to stop the said engine, and as a proximate consequence of said negligence ran said engine upon, over, or against said child and killed it.

Jones & Thomas, of Montgomery, C. E. Hamilton, of Greenville, and Powell, Albritton & Albritton, of Andalusia, for appellants.

The court erred in overruling the demurrers to counts 1 and 2 and in refusing to grant defendant a new trial. 83 Ala. 375, 3 South. 555, 3 Am. St. Rep. 751; 101 Ala. 231, 12 South. 770; 74 Ala. 386; 104 Ala. 474, 16 South. 538; 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; 187 Ala. 490, 65 South. 528, Ann. Cas. 1916E, 565; 199 Ala. 411, 74 South. 454; 183 Ala. 274, 61 South. 80, Ann. Cas. 1916A, 543; 77 Ark. 238, 91 S. W. 191, 7 Ann. Cas. 231. On application for rehearing counsel insist that the opinion in the Phillips Case, which was read to the jury, did not show the amount of the verdict in that case, and that therefore counsel went outside the record in stating the amount to the jury, and in addition to the authorities above cited they cite the following as holding there was error: 202 Ala. 486, 80 South. 870; 202 Ala. 550, 81 South. 51; 199 Ala. 556, 74 South. 965; 192 Ala. 515, 68 South. 346; 187 Ala. 490, 65 South. 528, Ann. Cas. 1916E, 565; 29 Cyc. 773–776.

A. R. Powell and J. Morgan Prestwood, both of Andalusia, for appellee.

There was no room for the affirmative charge. 101 Ala. 331, 13 South. 308; 202 Ala. 502, 80 South. 790. The second count cured any defects in the first count, and in either event no error appears. 183 Ala. 237, 62 South. 889; 128 Ala. 305, 30 South. 676; 178 Ala. 463, 60 South. 99; 194 Ala. 687, 70 South. 115. The judgment of the lower court will not be disturbed. 92 Ala. 630, 9 South. 738; 189 Ala. 523, 66 South. 519; 174 Ala. 609, 57 South. 379; 196 Ala. 148, 72 South. 96. There was no error committed in the reading of the Phillips Case. 69 South. 598; 14 Ala. App. 541, 69 South. 486; 40 South. 943; 183 Ala. 238, 62 South. 889; 173 Ala. 675, 55 South. 1001.

McCLELLAN, J. [1] Action by parent, the father, for damages for the wrongful killing

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

by the defendants of his minor child. Code, § 2485. The damages recoverable in such actions are punitive only. L. & N. R. R. Co. v. Phillips, 202 Ala. 502, 80 South. 790.

The plaintiff's 20 months old child strayed, unattended, on the railway track of the company, and an engine and train of the company, with Engineer McKenzie (also a defendant) in charge, ran over the child, killing it. Counts 1 and 2 of the complaint are designed to attribute the child's death to McKenzie's negligence after the engineer discovered the peril of the child. If it were assumed that count 1 was defective in omitting to expressly aver that the child was in peril before the approaching train, no possible prejudice resulted to the defendants in overruling the demurrer to count 1, for the reason that count 2, proceeding on the same theory, was entirely sufficient in that respect. It is at least quite doubtful, however, whether count 1 is subject to the indicated criticism; the facts (not mere conclusions) averred being hardly susceptible of any other interpretation than that the child, only 20 months old and "alone," was in peril before the approaching train that killed it.

[2, 3] The insistences for error in refusing affirmative instructions against a recovery by plaintiff, as well as in overruling the motion for new trial on the ground that the evidence did not warrant a verdict for plaintiff or that the verdict was contrary to the evidence, cannot be supported on the record here. There was evidence and inferences from evidence going to establish every essential to a right in plaintiff to recover on the theory stated. There was evidence and inferences from evidence going to refute the case made for the plaintiff. It was the jury's province and function to decide the issues; to determine the truth from the conflicting evidence; to accord or to refuse credit to the testimony of the witnesses; and, in the state of the evidence disclosed by the record, it cannot be affirmed that the trial court erred in overruling the motion for new trial on the grounds stated just above. Cobb v. Malone, 92 Ala. 630, 635, 9 South. 738, and numerous others in its line. There was no objection to the recital by the witnesses, on both sides, of the gruesome details of the child's death, nor to the exhibition of the clothing, etc., associated with its death. These circumstances, presented without any objection and, so far as appears, admissible in evidence, possess no tendency to show passion, bias, or prejudice on the part of the jury in the verdict rendered.

[4, 5] A photograph, or photographs, of the locus in quo were offered in evidence. Subsequent to the matters to be mentioned, the photographer identified the photographs as those made by him. No photograph is shown by the record. Being a part of the evidence before the trial court, a full record here required their presence therein. Montevallo

Mining Co. v. Underwood, 202 Ala. 59, 62, 79 South. 453. A "flag" was shown on a photograph exhibited to the witness L. R. Cross. Plaintiff's counsel propounded these questions to him:

"I will ask you this: Does this point here, this flag here—is that the point where the blood was on the railroad track and cross-ties?"

Also:

"Is this—what flag is this?"

There was no error in overruling objections to these questions. They sought to elicit matter explanatory of the photograph and serviceable to refer the object (flag) to the place where the blood was on the track, not where the child was struck. The bill of exceptions recites:

"After the testimony was closed, A. R. Powell, of counsel for plaintiff, made the opening argument for the plaintiff. In discussing the law of the case to the court, he cited among other authorities the case of Louisville & Nashville Railroad Company et al. v. Phillips, 80 South. 790; [1] after the calling the attention of defendants' counsel to the book and page of same, and referring to said case, stated in the presence and hearing of the jury, after reading the facts of said case as reported, that said case was against the Louisville & Nashville Railroad Company and its engineer, John Cobb; that the cause of action in said case was similar to this case, to the extent that the damages claimed were for the negligent killing of the plaintiff's minor son by defendant and its engineer; that the verdict of the jury in that case was $15,000, and that the Supreme Court on appeal held that the verdict was not excessive, and that the measure of damages was punitive and within the discretion of the jury, and also stated to the court that some of the law applicable to that case was applicable to this case. The foregoing argument of counsel was addressed to the judge; said attorney then turned and addressed the jury on the facts of the case at law, without referring in his remarks to the jury to the said Phillips Case.

"One of the attorneys for the defendants, at the close of the argument to the jury of the attorney for the plaintiff, in opening his argument for defendants, called the attention of the court to the foregoing statements made by the attorney for the plaintiff in the presence and hearing of the jury, stating that the facts in the foregoing case referred to by the attorney for the plaintiff should not be considered by the jury in arriving at a verdict, to which the court assented and stated that the jury would be so instructed."

The sixth and seventh grounds of the motion for new trial are predicated on the occurrence described in the quotation from the bill of exceptions. It was not error to overrule these grounds of the motion for new trial. The reading of the report of L. & N. R. R. Co. v. Phillips, supra, was to the court, not to the jury. Being a sound decision in that

---

[1] 202 Ala. 502.

case, it was not improper or objectionable to read the report of the case to the court. No objection to the reading of it on that occasion was made for defendants, appellants; the record reciting that counsel for plaintiff first, before reading, called the attention of counsel for defendants to the book and page. If prejudice in the jury's minds had been anticipated or conceived as a result of the impending reading of the Phillips Case to the court in the hearing of the jury, objection should have been then made. Since counsel for plaintiff had the right to read the report of the Phillips Case to the court, unless the court in the exercise of a sound discretion forbade it, the real basis of the complaint in these grounds of the motion for new trial (sixth and seventh) is that the jury was not removed from the courtroom during this reading to the court. No such action by the court was invoked. Instead of invoking the court's discretionary power to remove the jury during the reading of this report of another case, counsel for defendants correctly asserted that the facts of the other case "should not be considered by the jury in arriving at a verdict, to which the court assented and stated that the jury would be so instructed." In the oral charge the court instructed the jury as follows:

"You are not to be guided by the verdict in any other case or what another jury may have done in other transactions, because each case stands upon its own footing, and the measure of culpability and responsibility of the defendants in different cases depends upon different states of fact, and therefore verdicts in other cases are not to be a guide to the jury in this case."

The cases of B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 287, 61 South. 80, Ann. Cas. 1916A, 543, and others in its line, concerned arguments to juries, involving different considerations from those here involved, among which is that here the reading of the Phillips Case was to the court, not in itself improper, as is the vice in instances where an improper argument or assertion is made to the jury.

[6, 7] The jury assessed the damages at $15,000. It is insisted that this amount is excessive. The damages in such cases being punitive only, the measure of the amount of a proper assessment is the degree of culpability causing the death. Code, § 2485. This court has reviewed the elements of fact and circumstance bearing upon this phase of the issue. As stated before, the evidence was in conflict on the substantial issue of negligence vel non on the part of the engineer. There was, however, evidence and inferences therefrom that invited the conclusion attained by the jury, viz. that the child's death was proximately caused by the engineer's negligence after the discovery of the child's peril. At what distance from the child the engineer, who testified he was looking ahead, discovered the child and realized the object

was a child, was an inquiry of fact under the conflicting evidence; the defendants' witness Harris testifying that from the mail car window he saw the child "toddling down the track" about or just over a train length from the point of the curve which the evidence went to show was 1,000 feet from the place where the child was struck, though Harris fixed the distance between the train and the child at "about 100 yards distant." It was affirmed, without objection, by more than one witness, though denied by the engineer and others, that the engineer said in explanation of the event that he thought the child would get off the track when he blew at it. There was evidence, open to acceptance by the jury, that, with reasonable care and diligence, the train could have been stopped before striking the child. If, as the jury found, the engineer discovered the peril of the child in time to have averted its injury by the use of the requisite care, skill, and diligence to stop the train, and thereafter speculated in so grave a situation upon this 20 months old child's appreciation of its danger and its ability to get off the track, it cannot be affirmed that such speculation did not characterize the conduct or omission of the engineer with a degree of culpability that was well measured in the amount of this verdict.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and MILLER, JJ., concur.

### On Rehearing.

McCLELLAN, J. [8] In an earnest argument contesting the soundness of the feature of the opinion delivered on original submission, treating the grounds of the motion for new trial referable to the reading of the report of the Phillips Case (ante) to the court, in the presence of the jury, by plaintiff's counsel, and the charge of the court given in response to the complaint of counsel for defendants (appellants), it is insisted that error affects the conclusion of this court in that particular, and that, if allowed to stand, its precedential character will deflect from, if not thwart, the orderly administration of justice by opening the opportunity for overzealous counsel in future trials to introduce matter foreign to the issues on trial. The court is now, as it was on original consideration, aware of the importance of the question presented; but its sound decision must result from a consideration of all, not some, of the factors that have relation to it. The right of parties to causes, civil or criminal, to be heard through themselves or counsel is fundamental. Const. 1901, §§ 6, 10; Peagler v. State, 110 Ala. 11, 14, 20 South. 363. The enjoyment of this right in the concrete case is committed to the sound, revis-

able discretion of the trial court. Peagler's Case, supra; Harrison's Case, 78 Ala. 5, 11, 12; 1 Thompson on Trials (2d Ed.) § 951. The basis for appellate review and reversal for error in such a matter lies in the finding that this discretionary power .has been abused. Authorities, supra. Since, under our practice, the argument of counsel precedes the instruction of the jury by the trial court, it has been decided here, without discriminating between civil and criminal cases, and subject to the trial court's peculiar control, that, in connection with their arguments, counsel may read correct principles and pronouncments of law to the jury. Robinson v. State, 155 Ala. 67, 75, 76, 45 South. 916; Cahaba Min. Co. v. Pratt, 146 Ala. 245, 254, 40 South. 943; Stewart v. State, 78 Ala. 436, 440; Supreme Lodge, etc., v. Gustin, 202 Ala. 246, 249, 80 South. 84; Harrison's Case, 78 Ala. 5, 11, 12; Ex parte City of Tuscaloosa, 194 Ala. 559, 563, 564, 69 South. 598, affirming the pertinent holding of the Court of Appeals in City of Tuscaloosa v. Hill, 14 Ala. App. 541, 546, 69 South. 486. In the Pratt Case, supra, it was decided that argument to the jury was not improper where a decision of this court was read to the jury and the endeavor was "to explain to the jury the means by which it might arrive at the proper amount of damages," and that the motion to exclude such statements was well overruled; the court declaring that argument on this matter was permissible, but that the court should instruct the jury as to what was the proper mode of ascertaining the damages. Other of the cases cited support this pronouncement of the Pratt Case. It is also settled in the authorities, supra, that the facts of another case or decision are not proper subjects or elements of argument to the jury.

As appears from the recitals of the bill of exceptions quoted in the original opinion, ante, the subject of appellants' complaint arose out of the argument of plaintiff's (appellee's) counsel to the court, not to the jury; the jury, however, being present during this argument to the court. There was no objection by counsel for defendants (appellants) to the reading of the Phillips Case, or to the reading of any part of the report of that case. There was no request that the jury retire during the reading of the case, of the intention to read the report of which case notice in advance of the reading was given. As the bill of exceptions recites, the only dissatisfaction manifested was that expressed by defendants' counsel during argument following that of plaintiff's counsel who read the Phillips Case, including the statement of the facts, and commented thereon in his argument to the court in the presence of the jury; and this criticism took the form of the correct assertion addressed to the court that the facts in the Phillips Case should not be considered by the jury, and the court acted in consonance with the assertion when it instructed the jury as quoted in the original opinion ante.

In Western Union Telegraph Co. v. Benson, 159 Ala. 275, 48 South. 712, this court aptly said:

"While it may not be permissible for counsel to read the facts from the report of another case to the jury as a part of his argument to them (Williams' Case, 83 Ala. 68, 3 South. 743), it is not a breach of propriety for counsel, in presenting the law of the case to the court, to read the report of the facts of the case in connection with the opinion. This is frequently necessary, to give the court a clear understanding of the law. It may be that the court would have the right to exclude the jury from hearing while the law is being thus discussed, and this, we find, the court finally did in the instant case."

The doctrine of the Benson Case is undoubtedly sound; and it was recently reiterated in the Gustin Case, supra, where counsel omitted, after opportunity afforded, to request the retirement of the jury during the reading of a decision of this court.

Much reliance is placed upon Birmingham National Bank v. Bradley, 108 Ala. 205, 208, 19 South. 791, to support the appellants' application for rehearing. The original record in the Bradley Case has been inspected for its service in making clear the observations of the court (at pages 208, 209, of 108 Ala., at page 795 of 19 South.), in these words:

"* * * The interference of the court should have been invoked at the time the unauthorized statements were being made by counsel."

The reversal was not put upon that ground. It appears from the transcript that this observation of the court was a recognition of the fact that objection to the argument there indicated was not taken at the time counsel made the unauthorized argument, just as here there was no objection interposed to the reading of the report of the Phillips Case. Earlier in the opinion in the Bradley Case the court well said:

"Wrong and injurious impressions intentionally made upon the minds of the jurors, by asking improper questions, or making an improper argument to the court in their presence, for the purpose of getting before them facts or statements, not admissible, and which have been ruled out, calculated to prejudice their judgment, demands the prompt interference of the court, and a verdict should not be allowed to stand obtained by such a practice. We will further add, that it was within the discretion of the court to have the jury retire from the courtroom, so as not to hear the discussion in regard to the admissibility of evidence, and counsel have no right to insist that the jury hear his questions, and that the court rule on the objection in their presence."

It will be noted, particularly when the transcript is read in connection with the mat-

ter quoted, that this court there predicated the observation upon the fact that counsel improperly persisted in making statements to the court in the presence of the jury, touching matter wholly irrelevant, that had "been ruled out" by the court. Neither the observations of the court in the Bradley Case nor the decision there pronounced are authority upon which to rest a reversal on the point now under reconsideration; and it is equally clear that the quoted doctrine of the Benson Case, supra, more recently announced, is not inconsistent with the observations made in the Bradley Case.

It is insisted that the statement by plaintiff's counsel of the amount of the verdict in the Phillips Case, its facts and the identity of the corporate defendant in both, interjected a matter that could not be eradicated from the jury's mind, and that the verdict was so tainted thereby that it should have been set aside on the motion for new trial. It is manifest that the idea did not at all prevail at the time of the trial, nor was it then even suggested. It is manifest from the quoted recitals of the bill of exceptions that the reading of the report of and comment upon the facts of the Phillips Case to the court, in the presence of the jury, was regarded as a matter susceptible of complete, satisfactory correction through the court's instruction of the jury, which was the course taken by the court. The court evidently entertained this view when the motion for new trial was considered and overruled by it. The coincidence that the verdict rendered was for the same sum awarded in the Phillips Case cannot be accorded the effect of impeaching or reflecting upon the jury's ascertainment of the damages to be assessed under evidence materially different from that shown in the report of the Phillips Case and in circumstances that, if credited by the jury, justified the measure of culpability fixed by the amount awarded.

The application for rehearing is overruled.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and MILLER, JJ., concur.