(96 South. 148)

## GRANBERRY et al. v. BARTER.
### (1 Div. 276.)

(Supreme Court of Alabama. April 19, 1923.)

I. Highways ⇐=184(3)—Evidence of injury by automobile held to raise question for jury as to driver's negligence or wanton misconduct.

In an action for injuries sustained by child when struck by defendant's automobile, question of defendant's negligence or wanton misconduct held for jury.

2. Trial ⇐=253(4) — Instruction concerning wantonness on part of automobile driver held erroneous as pretermitting a consciousness of the probable consequences.

In an action for injuries sustained by plaintiff when struck by defendant's automobile, an instruction that, if defendant "operated it with a consciousness and reckless indifference or disregard, and the natural consequence of the act was the injury to plaintiff, he (defendant) would be guilty of wantonness," held erroneous as pretermitting a consciousness on the part of defendant that the consequences would probably produce injury.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by James Barter, Jr., by his next friend, James Barter, Sr., against B. A. Granberry and R. E. Granberry, for damages for personal injuries sustained by plaintiff when stricken by defendant's automobile. From a judgment for plaintiff, defendants appeal. Transferred from the Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

The portion of the oral charge of the court to which defendants reserved exception is as follows:

"If the evidence reasonably satisfies you that this man (defendant), in the operation of this car, * * * if he operated it with a consciousness or reckless indifference or disregard, and the natural consequence of the act was the injury to the plaintiff, he would be guilty of wantonness."

---

⇐=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Gordon & Edington, of Mobile, for appellants.

The portion of the oral charge omits to instruct that the reckless indifference should be as to the consequences which might follow defendant's conduct. B. R., L. & P. Co. v. Brown, 150 Ala. 327, 43 South. 342; Shepard v. L. & N. R. Co., 200 Ala. 524, 76 South. 850; Mobile Elec. Co. v. Fritz, 200 Ala. 692, 77 South. 235.

Edward J. Grove, of Mobile, for appellee.

If the oral charge was merely misleading, defendant cannot complain if he failed to request an explanatory instruction. So. Exp. Co. v. Roseman, 206 Ala. 681, 91 South. 612.

ANDERSON, C. J. [1] The defendant testified that he saw the children, the plaintiff being one of them, in the road 150 yards ahead, and, while his own evidence and that of his two witnesses acquit him of all fault or negligence, the witness Wilson testified that the car was going 30 miles per hour when within 10 feet of the boy and with such force and velocity that it was only stopped by running into a post 75 or 100 feet beyond the point of collision. Therefore, according to one phase of the evidence, the defendant, after he saw the plaintiff, a young child, in the road, continued to run his car at the rate of 30 miles an hour until reaching him or getting within a distance of 10 feet and without signal or warning. If these facts were true, and which was a question for the jury, they were authorized not only in finding the defendant guilty of subsequent negligence, but of wanton misconduct as charged in the complaint, and the trial court did not err in refusing the general charge requested by the defendant as to counts 2 and 3.

[2] We think, however, the trial court committed reversible error in so much of the oral charge as was excepted to in attempting to define wantonness. It pretermits a consciousness on the part of the defendant that the consequences would probably produce injury. It hypothesizes the fact that, if he operated it with a conscious and reckless indifference or disregard, and the natural consequence of the act was an injury to the plaintiff, he would be guilty of wantonness. He may have operated the car with a consciousness of his recklessness, etc., and the plaintiff's injury may have been the natural consequence of his conduct, yet he would not be guilty of wantonness unless he was conscious of the fact that said conduct would probably produce the injury. The consequences may have been the cause of the injury, but the defendant must not only have been conscious of what he was doing, but of the probable result as well. Montgomery R. R. Co. v. Rice, 142 Ala. 674, 38 South. 857;

L. & N. R. R. Co. v. Orr, 121 Ala 489, 26 South. 35; M. & C. R. R. Co. v. Martin, 117 Ala. 367, 23 South. 231.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.