200 So. 768

**JACK COLE, Inc., v. WALKER.**

3 Div. 333.

Supreme Court of Alabama.

Jan. 23, 1941.

Rehearing Denied March 20, 1941.

684

Ball & Ball, of Montgomery, and Harsh, Harsh & Hare, of Birmingham, for appellant.

Evans Hinson and Hill, Hill, Whiting & Rives, all of Montgomery, for appellee.

KNIGHT, Justice.

This suit was brought by Mrs. Kate O. Walker, suing as administratrix of the estate of George S. Walker, deceased, to recover damages under the Homicide Act, Code 1923, § 5696, for the wrongful death of her intestate.

There were verdict and judgment in the court below for plaintiff, and from this judgment, the defendant-appellant prosecutes this appeal. But few questions are here presented for review, and these call for but little discussion.

The complaint consisted of three counts, —the first two charge simple negligence, while the third is for a willful or wanton wrong. The court submitted the issues presented by each of the counts to the jury, and their response was a general verdict, without designation of any particular count, fixing plaintiff's damages at $15,000.

The first assignment of error presents for review the action of the court "in overruling defendant's demurrers to the complaint as shown at page 3."

There is no insistence here that the two simple negligence counts were insufficient in any respect. In fact, it is conceded that they were good. This, then, would require the overruling of this assignment of error. Jordan v. Rice, 165 Ala. 650, 51 So. 517; Roach v. Wright, 195 Ala. 333, 70 So. 271; Holley v. Florala Telephone Co., 223 Ala. 415, 136 So. 726.

But disregarding any concession that counts 1 and 2—the simple negligence counts—were sufficient, it is obvious they were each good. Similar counts have too often been held sufficient to require citation of authority to sustain them.

Lest a failure on our part to refer to count 3, and its sufficiency, might carry with it the implication that said count was subject to the demurrer interposed to it, we feel that a short reference to this count would not be amiss.

The criticism made in appellant's brief, and in oral argument at the submission, was that the averment of wantonness or willfulness characterized the act, not the injury, as being wanton or willful. In support of this contention appellant cites Woodward Iron Company v. Finley, 189 Ala. 634, 66 So. 587; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; Jones v. Keith, 223 Ala. 36, 134 So. 630; Alabama Great Southern Railroad v. Smith, 191 Ala. 643, 68 So. 56. It requires no argument to show that the third count in the instant case charges a willful or wanton injury, resulting in death of plaintiff's intestate, and is wholly dissimilar from the wanton counts in the above-cited cases. Besides, the supposed defect in count 3, here argued, was not pointed out by defendant's demurrer, and had there been an apt ground of demurrer taking the point that the wantonness or willfulness charged characterized the act and not the injury, we would hold the count not subject to that vice. The count was sufficient. Graham v. Werfel, 229 Ala. 385, 157 So. 201; Yarbrough v. Carter, 179 Ala. 356, 60 So. 833; Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556; Caruth v. Sparkman, 226 Ala. 594, 147 So. 884; Harrison v. Formby, 225 Ala. 260, 142 So. 572; Birmingham Electric Co. v. Mann, 226 Ala. 379, 147 So. 165.

It is next insisted that the court committed reversible error in permitting the witness Morgan to give his opinion as to the speed of defendant's truck which struck and killed plaintiff's intestate, and in overruling the defendant's objection to the plaintiff's question to the witness Morgan, "Now what is that judgment as to the speed of that truck?"

The witness Morgan had previously testified that he saw the truck hit the deceased, and saw it just before it hit him, and saw it after it hit him, and had come to a stop. He had testified, at the time the above objection to question was propounded, that he had formed a judgment as to the speed of the truck. The only objection assigned to the question was "that it has been shown that this witness did not see it in time to form a judgment." The witness was within a very short distance from the scene of the accident when it occurred. The court committed no error in overruling defendant's objection to the above-quoted question propounded to the witness Mor-

gan, as for any grounds stated in the objection. The question as to the opportunity of a witness to judge, under the particular circumstances, the speed of an automobile, has been held, as a general rule, to go to the weight of his testimony rather than to its admissibility. Southern R. Co. v. Sherrill, 232 Ala. 184, 167 So. 731; Louisville & N. R. R. Co. v. Rayburn, 198 Ala. 191, 73 So. 461; Taylor v. Lewis, 206 Ala. 338, 89 So. 581; 5 American Jurisprudence, p. 861, § 651; 22 Corpus Juris, p. 571, § 676.

It is next insisted by the defendant that the court committed error to reverse in refusing to give the general affirmative charge, requested by it, as to count 3,—the willful or wanton count. The argument is made by defendant that the evidence wholly failed to support this count; that at most it presented only a question of simple negligence, and that the court, under the evidence, should have submitted the case to the jury only upon the simple negligence counts along with defendant's plea of contributory negligence. We cannot agree with counsel for appellant that the evidence was not sufficient to carry the case to the jury on the wanton count. We think it was sufficient to make a jury case as to all the counts of the complaint.

■ Of course, in determining whether the affirmative charge should have been given for defendant, we must look to the strongest tendencies of the evidence for plaintiff. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13. The evidence tended to show that plaintiff's intestate, at the time he was struck by defendant's truck, was crossing over court square, and was between the Fountain and Liggett's Drug Store; that he was walking between the "white lines" designated as the walkway for pedestrians; that defendant's said truck was crossing Court Square, and being driven at a rate of speed of 35 miles per hour at the time of the accident; that the driver of the truck kept no lookout for persons on the walkway to which he was fast approaching, and from which he was but a short distance; that the defendant's driver knew (he so testified) that Court Square was one of the most popular streets or thoroughfares in the City of Montgomery, and that there is always a large amount of traffic at that point. That defendant's truck was a heavy truck, about 16 feet long with two sets of rear wheels, and equipped with hydraulic brakes; that the impact of the truck against the deceased was so great that it knocked

him some 10 or 12 feet in the air, and threw him forward some 10 or 12 feet. There was also testimony tending to show that the truck struck deceased in the back and right side. The time of the accident was between 7:30 and 8:30 in the morning.

■ We hold that the foregoing evidence was sufficient to carry the case to the jury on the wanton count. Gen.Acts of Legislature 1939, p. 690; Culverhouse v. Gammill, 217 Ala. 137, 115 So. 105; Yarbrough v. Carter, 179 Ala. 356, 60 So. 833; Duke v. Gaines, 224 Ala. 519, 140 So. 600; J. C. Byram & Co. v. Bryan, 224 Ala. 466, 140 So. 768; Granberry et al. v. Barter, 209 Ala. 257, 96 So. 148.

■ This brings us to a consideration of defendant's motion for a new trial. The only question presented by this motion, which approaches merit, relates to the averment of damages awarded by the jury. The jury fixed the amount of damages at $15,000. It is insisted that this amount is excessive, and stamps the verdict as being wrong and unjust, and that a new trial should be granted upon the ground of the excessiveness of the damages awarded. All damages allowed in cases like this are punitive, and should be measured by the quality of the wrongful act, and the degree of culpability involved. Parke v. Dennard, 218 Ala. 209, 118 So. 396; Duke v. Gaines, supra; Southern Ry. Co. v. Sherrill, supra; Louisville & N. R. R. Co. v. Davis, 236 Ala. 191, 181 So. 695.

■ After a full consideration of the evidence, we are of the opinion that, there was evidence in the case, which if believed by the jury, shows that the death of plaintiff's intestate was due to wantonness or willfulness on the part of defendant's agent or servant in the operation of said truck. The jury evidently was so impressed. We see nothing in the record of the proceedings which would indicate that the jury was actuated by any bias, passion or prejudice, or other improper motive.

■ In view of the evidence we cannot say that the amount of damages was excessive, or assessed by the jury in any improper way, or that partiality, passion, bias, or prejudice, or any other improper motives actuated the jury in assessing plaintiff's damages. The amount fixed by the jury will be allowed to stand. Louisville & N. R. R. Co. v. Cross, 205 Ala. 626, 88 So. 908; Southern Express Co. v. Roseman, 206 Ala. 681, 91 So. 612; Louisville & N. R. R. Co.

v. Phillips, 202 Ala. 502, 80 So. 790; Mobile Electric Co. v. Fritz, 200 Ala. 692, 77 So. 235; Central of Georgia Ry. Co. v. Ellison, 199 Ala. 571, 75 So. 159.

Finding no reversible error in the record, the judgment of the circuit court must be affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.

On Rehearing.

PER CURIAM.

Rehearing overruled.

GARDNER, C. J., and THOMAS, BROWN, and FOSTER, JJ., concur.